GARRETT ET AL. *vs.* LYNCH, ADM'R, ET AL.

[BILL IN EQUITY TO ENJOIN JUDGMENT AT LAW ON NOTES GIVEN FOR PUR-CHASE OF LAND SOLD AT ADMINISTRATOR'S SALE, AND TO HAVE SALE SET ASIDE AND DECLARED VOID.]

1. *Sales made by order of probate court; law of caveat emptor applies to.*— The law of caveat emptor applies to sales of land under an order of the probate court. A purchaser at such a sale being at his peril, will not be relieved in equity from the payment of the purchase-money, although he may get no title, if there be no fraud, or mistake or ignorance of any material fact.

2. *Same; when equity will not grant relief against judgment at law.*—A party who has a legal defense, and suffers a judgment to go against him, can not obtain relief in equity, without showing a good reason why he did not defend at law. If discovery be necessary, he must obtain it by interrogatories under the statute, or file his bill before the judgment at law is rendered.

3. *Same; what allegation in bill for injunction against judgment at law, is fatal to relief.*—One who seeks to enjoin a judgment at law, recovered on a note given for the purchase-money, on a sale of lands made by an administrator, for distribution amongst the heirs at law, who charges in his bill that the sale was void, and the note without consideration, thereby shows that he had a good defense at law, and his failure to make it, without sufficient excuse, deprives him of all claim to relief in a court of equity.

4. *Same; when equity will not relieve against judgment.*—Equity will not

Garrett et al. v. Lynch, Adm'r, et al.

relieve a party against a judgment at law, on the grounds of a defense of which he was ignorant until after the judgment was rendered, unless he shows that by the exercise of ordinary diligence he could not discover it, or that he was prevented from employing such diligence by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part.

5. *Same.*—Where a party who buys land at an administrator's sale, and gives his note for the purchase-money, payable twelve months after date, and, after judgment recovered on the note, seeks to set aside the sale, and to enjoin the judgment, upon the ground of fraud, and that the administrator had obtained no decree or order of sale, in the probate court, authorizing him to sell the lands ; and for that purpose, states' in his bill of complaint, that the administrator on the day of sale, represented that he had an order of court, giving him authority to sell the lands, and that the same was regular, and that, confiding in said representations, he became the purchaser, and, after the judgment was recovered, he caused diligent search to be made in the office of the probate court, by the clerk of said court, and no record or any evidence could be found, that the administrator had ever applied to said court, for the sale of the lands,—*Held,* this is not an averment, or equivalent to an averment, that no such order of sale had been made, or that the representations of the administrator were falsely and fraudulently made ; and, that as a statement, it is insufficient to entitle the purchaser to any relief in a court of equity.

6. *Lands, sale of; what necessary to set aside for fraud.*—A party who seeks to rescind a sale of lands on account of fraud, defect of title, or a want of authority in the vendor to sell, must be diligent and prompt— diligent to discover the fraud, etc., and prompt to avail himself of his discovery, when made. If he retains the possession and enjoyment of the lands, with a knowledge or the means of knowing from the day of sale all that he knows when his offer to restore the possession and rescind the sale is made, and lies by, and suffers a judgment to be obtained against him for the purchase-money, his equities will be greatly endangered, if not lost, unless he can show some good reason and excuse for his delay.

7. *Same; how affected by loss or destruction of decree authorizing sale.*— A sale of lands by an administrator for distribution amongst the heirs at law, under a decree of the probate court, for that purpose, will not be affected by a subsequent loss or destruction of the decree, and the record and proceedings in which it was made. If the decree and records can not be substituted under the statute so as to enable the purchaser to obtain a title in the probate court, on a proper application to a court of chancery, and on payment of the purchase-money, or a readiness and offer to pay, that court will either decree him a title, or direct the administrator to make him a title.

APPEAL from the Chancery Court of Limestone.
Heard before Hon. WM. SKINNER.

The facts are fully stated in the opinion.

WALKER & JONES, and WALKER & BRICKELL, for appellant.

Messrs. WALKER & JONES filed an elaborate printed brief in the case, and the case was also argued orally at the bar. The briefs of appellant did not come into the Reporter's hands.

J. N. MALONE & HOUSTON & PRYOR, *contra.*—The bill in this case is without equity.

The grounds upon which the bill seeks relief, fraud, want of consideration, constitute, (if true) a legal defense, and should have been pleaded to the action in the circuit court.—42 Ala. 168 ; *Wilson, Adm'r, v. Armstrong,* in which the grounds of defense as alleged to exist in this case, were pleaded to an action at law, and sustained by the court, and by this court.—See, also, the opinion of the court in this case, at the June term, 1870.

Equity requires diligence in the discovery and exposure of fraud, and a rescision demanded on account thereof, and a bill which shows upon its face a want of diligence is without equity.— *Gentry v. Rogers,* 40 Ala. 442 ; *Cox v. Boyd,* 38 Ala. 42 ; *Bell v. Thompson,* 34 Ala. 633 ; *Betts v. Gunn,* 31 Ala. 219. This last case is very strong and fully sustains the point.

A defendant in a judgment at law, who seeks relief against it in equity on grounds which would have formed a good defense at law, must allege and prove, that his failure to discover and avail himself of such defense at law was attributable, not to any negligence or want of diligence on his part, but to fraud, accident, or the act of the opposite party.— *Watt v. Cobb,* 32 Ala. 530 ; *Taliaferro v. Branch Bank at Montgomery,* 23 Ala. 755, and authorities cited.

The complainant being chargeable with laches, in not making enquiries and using diligence, looses all right to be heard, and if his bill shows he is chargeable with want of diligence, it is without equity.—*Betts v. Gunn,* 31 Ala. 219 ; *Wilingham and Wife v. Harrel,* 36 Ala. 583 ; *Kern v.*

*Burnham*, 28 Ala. 428 ; *Askewertel v. Hooper, Adm'r, et al.*, 38 Ala. 634 ; *Stewart v. Stokes*, 33 Ala. 494.

A bill for the *rescision* or *specific performance* of a contract, must aver not only a readiness, but an offer to perform the conditions and terms devolved on him by the contract. He must also aver a demand and refusal on the vendor, or sufficient excuse therefor, with the further offer to place the opposite party in *statu quo.* And a bill without these averments, is without equity.—*Duncan v. Jeter*, 5 Ala. 604 ; *Evans v. Bolling*, 5 Ala. 551 ; *Lamkin et al. v. Reese et al.*, 7 Ala. 171 ; *Hart et al. v. McClellan*, 41 Ala. 251 ; *Carter v. Thompson*, 41 Ala. 375 ; *Cox v. Boyd*, 38 Ala. 42 ; *Bell v. Thompson*, 34 Ala. 633.

This case was submitted to the chancellor for final decree upon bill, exhibit, answers and certain depositions embraced in the present record. The bill and answers were sworn to in due form.

The equity of the bill is denied by the sworn answers, and the statements and allegations of the answers must prevail over those of the bill, unless the latter be sustained by two witnesses, or one witness and strong corroborating circumstances.

Lynch proves that he filed a petition for a sale of the land, and also that it prayed a sale of the land for equitable division amongst the heirs at law ; proves that depositions were taken as in chancery proceedings, and in truth proves fully all of the allegations of his answer.

The depositions in an application by an administrator to sell the land of his intestate need not be recorded. The law requires that they must be *filed of record.*—Revised Code, § 2228.

Proceedings by an administrator to sell the land of his intestate are *in rem*, and it is not necessary for the court in such proceedings to obtain jurisdiction of the parties interested.—*Satcher v. Satcher*, 42 Ala.

All that is necessary in such cases, is that the administrator file a petition in the probate court, containing the jurisdictional allegation ; that is, that he seeks a sale of the land for equitable division, or that the land can not be

equitably divided amongst the heirs without a sale.—*Satcher v. Satcher, supra.*

And also if infants or persons of unsound mind are interested in the estate, the probate court must take the proof by deposition, as in chancery proceedings, showing the necessity of such sale.—Revised Code, § 2225 ; *Satcher v. Satcher, supra.*

PECK, C. J.—This case originated in the chancery court of Limestone county. The appellants were the complainants, and the appellees respondents in that court. A syllabus of the bill of complaint may be stated as follows : The respondent, Darius Lynch, as the administrator of Thomas Lynch, deceased, in the year 1860, sold the lands described in the bill, belonging to the estate of said deceased, for distribution amongst the heirs at law ; representing at the time of the sale, that he sold said lands by virtue of an order and decree of the probate court of Limestone county, and that he had such an order, and that the same was regularly obtained, and gave him full power to sell said lands.

Complainant, Peter F. Garrett, confiding in said representations, attended said sale and bought said lands, for the sum of ($5,160) five thousand one hundred and sixty dollars, and gave his note to said administrator, said Darius Lynch, for the purchase-money, payable twelve months after date, with said complainant, Willian H. Garrett and one Benjamin Peete, as his sureties. The bill alleges, in March, 1866, said administrator commenced suit on said note, by summons and complaint, which were regularly served on all the parties ; that said suit abated as to said Peete, by his death, and judgment was rendered against said complainants, Peter F. and Willian H. Garrett, for ($7,361 75) seven thousand three hundred and sixty-one 75-100 dollars ; that execution was issued on said judgment, and lands of said Peter F. Garrett were levied on and sold, and that he afterwards redeemed said lands from the purchaser, on the 24th day of September, 1869, for the sum of ($1,196) eleven hundred and ninety-six dollars ; that he informed said Darius Lynch, that by said redemp-

tion, he did not intend to recognize the validity of said administrator's sale, and delivered a written paper to him, to that effect; that long after said sale, and after said judgment, but without stating more particularly when, said complainant, Peter F. Garrett, went to the court-house, or caused his attorney to go to the office of the judge of the probate court of said county, where the records, petition and order of sale should be found, if any such there were, and caused diligent search to be made, by the clerk of said court, and that he could fined no record, or any evidence, that said administrator, said Darius Lynch, had ever applied to said court for the sale of said lands; that there was no petition, no order, no evidence, to be found among the records of said court, that any decree had ever been made, &c., &c. But he does not state, even upon belief, that an order of sale had not, in fact, been made, or that the representations made by said administrator, at the time of the sale, were not true, or that they were falsely or fraudulently made.

The bill of complaint then charges, that the sale of said lands is, and was, fraudulent and utterly void, and that said note was without consideration, fraudulent and void; and that said administrator was threatning to sell the property of complainants, Peter F. and William H. Garrett, to satisfy said judgment.

The bill then states, and offers to show, that said Peter F. Garrett had long before, but without stating when, abandoned said lands, and offered them back to said administrator, said Darius Lynch, after he discovered they had been sold without authority of law.

The bill makes said administrator, said Darius Lynch, and the heirs at law of said Thomas Lynch, deceased, defendants, and prays process against them, and that they be required to answer all the several paragraphs of said bill on oath; and prays that the contract of sale may be declared void, and said note without consideration and void, and that said judgment be perpetually injoined, &c. The bill was dismissed for want of equity.

The foregoing is a short, but a substantial synopsis of the bill of complaint. The bill is the complainants' case,

made by themselves, and the law supposes they have made the best of it. It is, therefore, to be taken most strongly against them, and is not to be helped out by presumptions in its favor.

Let us stop here a little, before we go further, and examine this bill, and see whether it presents a case that entitles the complainants to the equitable relief prayed for. We think it wholly fails to do so.

1st. It does not state as a fact, even on the belief of the complainants, that there was not a decree of the probate court for the sale of said lands, or that the proceedings in which it was rendered were not regular. Nor does it state, that the representations made by the administrator, at the sale, were either false or fraudulently made.

As to the decree, which the administrator represented he had obtained, it merely states that search was caused to be made, by the clerk of the probate court, at the courthouse of said county, where the record, petition and orders should be found, and the clerk could find no record or any evidence, that the administrator had ever applied to said court for a sale of said lands. This is not an averment, or equivalent to an averment, that no such application and decree had been made, or that the representations, stated to have been made, by the administrator, at the sale, were falsely or fraudulently made. As a statement, therefore, it is insufficient to authorize any decree for relief in this case.—*French v. Garner et al.*, 7 Porter, 549.

Furthermore, when was this search made? The bill says it was made after the judgment, on the said note, was rendered. Most probably, it was made a short time before the filing of the bill, the last of September, or first of October, in 1869. This was nine years after the sale of the said lands was made, more than three years after the said suit was commenced, and more than two years after the judgment was recovered, and at least two years after certain lands of complainant, Peter F. Garrett, the purchaser, had been levied upon and sold under an execution, issued on said judgment. During all this time, the said complainant was in the possession and enjoyment of the lands so purchased by him, living, and for many years be-

fore, had lived in said county, with every opportunity to have examined, long before the judgment was rendered, and ascertained the truth, as to the existence of a decree, authorizing the said administrator to sell said lands, and as to the regularity of the proceedings, in which it was rendered; yet, no reason is shown, no explanation or excuse offered, for his strange and unaccountable negligence and supineness, in relation to a matter of so much importance to him. The bill, however, charges, that the sale of said lands was fraudulent and utterly void, and that the said note was without consideration and void. These charges, if true—and the complainants must stand on their own case—show that they had a good and clear defense at law, and their failure to make it, without a sufficient excuse, deprives them of all claim to relief, in a court of equity.— *McCollum v. Prewitt*, 37 Ala. 573.

The statement in the bill, that complainants did not make the discovery that there was no record, or evidence to be found, of the existence of an order or decree for the sale of the land, until after the judgment at law was rendered, in no manner excuses their negligence. The means of discovery were within their reach, and they are chargable with the failure to use them. Equity will not relieve a party against a judgment at law, on the ground of a defense of which he was ignorant until after the judgment was rendered, unless he shows, that by the exercise of ordinary diligence, he could not discover it, or that he was prevented from employing such diligence, by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part.—Reavis' Digest, p. 204, § 701, and the cases there referred to.

2. Another defect in the bill is, that the complainant, Peter F. Garrett, continued in the possession and enjoyment of the land, with a full knowledge of, or the means of knowing, from the day of the sale, all that he knew when the alleged offer to restore the possession and rescind the sale was made. A party that seeks to rescind a sale of lands on account of fraud, defect of title, or a want of authority in the vendor to sell, must be both diligent and prompt; diligent to discover the fraud, &c., and prompt to

avail himself of his discovery when made. So, too, if a defense be purely equitable in its character, the party must be diligent and prompt to take advantage of it. If he lies by and suffers a judgment to be rendered against him, his equities will be greatly endangered, if not lost, unless he can show some good reason and excuse for his delay. The maxim is, " The laws assist those who are vigilant, not those who sleep over their rights."

3. We might end this opinion here, but as the case was in this court at the last term, on an appeal from the decree of the chancellor dissolving the injunction granted on the filing of the bill, on the coming in of the answers, and was affirmed ; and, as since that time the evidence of the parties has been taken, and the case heard on its merits, and the bill finally dismissed, and is again here on the complainants' appeal, we propose now to examine the case, as it appears by the lights shed upon it by the evidence.

The answers, being required to be on oath, are, as to all responsive matters, evidence for the respondents. The answer of the administrator, Darius Lynch, who sold the land, states that there was a decree of the probate court of Limestone county, obtained by him, on his petition filed for that purpose, for the sale of the lands, for distribution amongst the heirs at law ; that a sale was made under that decree, and that the complainant, Peter F. Garrett, was the purchaser ; which sale was reported to, and confirmed by the court.

By reference to this answer, it will be seen that it states, very fully, the contents of the petition, and shows that it contains all the facts necessary to give the court jurisdiction, with much else as to the regularity of the proceedings had on said petition. If the court obtained jurisdiction by a proper petition, then, although irregularities may have intervened, they would not affect the validity of the decree, or the sale made under it.—*Satcher v. Satcher, Adm'r*, 41 Ala. 26. Irregularities might have been good grounds to reverse the decree, but a sale before reversal would be valid, notwithstanding it might be afterwards reversed.

A proceeding on behalf of an administrator, to sell the

lands of his intestate for distribution, on the ground that it cannot be equitably divided, &c., is a proceeding *in rem,* and a sale made under such a decree, in such a case, is a judicial sale, and the doctrine of *caveat emptor* applies to it. The purchaser buys at his peril, and in the absence of fraud, and when there is no mistake, or ignorance of any material fact, he must pay the purchase money, even though he may get no title.—*Burns v. Hamilton,* 33 Ala. 210.

The answer of this respondent also states, that after the said decree, and after the sale of said lands, during the occupancy of that county by the troops of the United States, the court-house was destroyed by fire, with nearly all the records and proceedings of the courts. This is, no doubt, the reason, and a very satisfactory one, too, to show why the complainants' search for the records and papers, &c., proved to be fruitless. The answer also states, that the destruction of the court-house and the loss of the records, the papers and proceedings of the courts, was well known to the complainants long before the suit was brought on their note.

The depositions of the administrator, Darius Lynch, and of the complainant, Peter F. Garrett, were both taken, and read in evidence on the hearing. That of the said Darius Lynch fully sustains the statements of his answer as to the proceedings and decree to sell the lands, the sale, and its confirmation by the court, the destruction of the court-house, records, &c.

The deposition of the complainant, Peter F. Garrett, admits that he lived in the immediate neighborhood of the lands purchased by him, and had lived there for many years, and knew all about the title of the deceased, Thomas Lynch; that he knew the sale was to be made, a month or two before it was made; that it was advertised in the newspapers, and that there was nothing to have prevented him from examining the records, &c., both before and after the sale, until the court-house was destroyed; but, as stated in his bill, he supposed the administrator had an order to sell the lands, and did not look to it. This, as we have seen, was no excuse for his negligence.

The answer of Darius Lynch, and the evidence, show

that the loss or destruction of the records, &c., was well known to the complainant, Peter F. Garrett, and why this important fact was omitted in the bill, is not explained. The disclosure of this fact seems to have been studiously kept out of the bill. This, of itself, tends strongly to show that the search for the records, &c., on the part of this complainant, was a mere simulated affair, and was made to afford a plausible ground for insisting that no such records, &c., ever existed, and that, therefore, the sale of the lands was made without any authority of law for that purpose.

An examination of the evidence, however, shows that such records once existed; that there was a decree and order for the sale of said lands, and that the sale was made by virtue of said decree, and was reported to, and confirmed by the court. The subsequent destruction of this decree did not affect the legal character of the sale; being a legal sale when it was made, it is a legal sale now, notwithstanding the destruction of the said decree.

If the records and decree can not be substituted under the statute, as we think they may, on the evidence disclosed in this case, so as to enable the purchaser to obtain a title in the probate court, on a proper application, a court of chancery, on the payment of the purchase money, or an offer and readiness to pay it, would, undoubtedly, either decree him a title, or direct the administrator to make him one.

Upon the whole, we are satisfied that both on the bill and the evidence, the complainants are entitled to no relief in this case.

Let the decree be affirmed, at the costs of the appellants.