(114 So. 220)

## NORWOOD v. AMERICAN TRUST & SAVINGS BANK. (6 Div. 855.)

Supreme Court of Alabama. Oct. 20, 1927.

**I. Husband and wife ☞171 (13)—Charging fraud by way of inference or conclusion is not sufficient as against appropriate demurrer.**

In bill to cancel mortgages and transfers by wife to secure husband's debt, allegations charging fraud to defendant by way of inference or conclusion were not sufficient as against appropriate demurrer. ·

**2. Husband and wife ☞171 (13)—Married woman, waiting 16 years to bring suit to cancel instruments for husband's fraud in representing they secured another's debt, held negligent. ·**

Married woman, waiting 16 years after execution of first original mortgage before bringing suit to cancel mortgages and transfers to secure husband's debts for his fraud in representing instruments were not to secure his debt but to secure debt of corporation of which she owned 96% of the stock *held* negligent.

**3. Equity ☞70—One cannot be deprived of remedy in equity because of laches, unless he had knowledge of his rights.**

A person cannot be deprived of his remedy in equity because of laches, unless it appears he had knowledge of his rights.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Laura C. Norwood against the American Trust & Savings Bank and S. Norwood, Sr. From a decree sustaining demurrer of respondent Bank to the bill and dismissing the bill, complainant appeals. Affirmed.

Lange, Simpson & Brantley and O. Somerville, Jr., all of Birmingham, for appellant.

Laches is not a mere matter of time. Galliher v. Cadwell, 145 U. S. 368, 12 S. Ct. 873, 36 L. Ed. 738; 10 R. C. L. 143; Woodlawn R. Co. v. Hawkins, 186 Ala. 234, 65 So. 183. Mere delay, working no disadvantage to another, and not changing the circumstances, so there can no longer be a safe determination of the controversy, will not bar complainant. Waddail v. Vassar, 196 Ala. 184, 72 So. 14; Cole v. Birmingham Union R. Co., 143 Ala. 427, 39 So. 403. Staleness, or laches, is founded on acquiescence in the assertion of adverse rights. Acquiescence involves knowledge of facts which entitle to relief and manifest the want of diligence, which will not be allowed to prejudice adversary interests. There can be no acquiescence without knowledge. Fanning v. Fanning, 210 Ala. 575, 98 So. 804; Union Cemetery Co. v. Jackson, 188 Ala. 599, 65 So. 986; James v. James, 55 Ala. 525; Ponder v. Cheeves, 90 Ala. 117, 7 So. 512; South v. Pinion, 207 Ala. 122, 92 So. 420;

10 R. C. L. 153. The facts and circumstances of each case determine the question, when a demand becomes stale. Woodlawn R. Co. v. Hawkins, supra; Harris v. Ivey, 114 Ala. 363, 21 So. 422; Weathers v. Hill, 92 Ala. 492, 9 So. 412; Gayle v. Pennington, 185 Ala. 53, 64 So. 572; Fowler v. Ala. I. & S. Co., 189 Ala. 39, 66 So. 672.

Percy, Benners & Burr, of Birmingham, for appellee.

The facts relied upon to show fraud do not show fraud on the part of the bank. Pratt Land & Imp. Co. v. McClain, 135 Ala. 452, 33 So. 185, 93 Am. St. Rep. 35; Mohr v. Griffin, 137 Ala. 456, 34 So. 378; Cannon v. Birmingham, T. & S. Co., 194 Ala. 469, 69 So. 934; Olson v. Olson, 200 Ala. 56, 75 So. 313; First Nat. Bank v. Moragne, 128 Ala. 157, 30 So. 628. Where complainant relies upon fraud and ignorance to excuse delay, the specific facts setting up fraud, explaining ignorance, and showing diligence in ascertaining the facts, must be affirmatively shown. Ala. C. & C. Co. v. Gulf C. & C. Co., 171 Ala. 544, 54 So. 685; Meeks v. Miller, 214 Ala. 684, 108 So. 864. The delay in this case constituted laches. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85.

ANDERSON, C. J. While the bill of complaint seeks to cancel certain mortgages and transfers by the wife to secure her husband's debts, it injects fraud into the transaction for the evident purpose of excusing her of laches or for the delay in filing the bill. As we understand, the fraud relied upon was the misrepresentation of the complainant's husband to her that the debt for which the mortgages were given was the debt of the Norwood Brokerage Company, of which complainant was a large owner, when, in fact, the debt secured was that of her husband, and not the brokerage company. The bill also avers that complainant did not learn of the falsity of said representation until informed by her son a short while before the bill was filed, and which was about 16 years after the first or original mortgage was given.

[1] The bill does not charge that the bank knew of, or participated in, the fraud as charged to the husband, and, if fraud is charged to the bank at all, it is only by way of inference or conclusion, and which is not sufficient as against an appropriate demurrer. Pratt Land Co. v. McClain, 135 Ala. 452, 33 So. 185, 93 Am. St. Rep. 35, Mohr v. Griffin, 137 Ala. 157, 34 So. 378. The respondents' demurrer, or grounds 15, 16, and 17, were well taken.

[2] The bill shows that the original mortgage was given in 1909, and, in effect, reaffirmed by the complainant in 1911, and no effort whatever was made to question or repu-

diate the transaction until filing this bill in 1925, and the only excuse offered is that complainant did not learn of the alleged fraud or deception practiced upon her by her husband until informed by her son a few months prior to filing said bill.

[3] It is true that a person cannot be deprived of his remedy in equity on the ground of laches, unless it appears that he had knowledge of his rights. "As one cannot acquiesce in the performance of an act of which he is ignorant, so one cannot be said to neglect the prosecution of a remedy when he has no knowledge that his rights have been invaded, excepting always that his want of knowledge is not the result of his own culpable negligence. It is not a little difficult to determine what knowledge is necessary to place the party in the position of negligently delaying his action." "The defense of want of knowledge on the part of one charged with laches is one easily made, easy to prove by his own oath, and hard to disprove; and hence the tendency of the courts in recent years has been to hold the plaintiff to a rigid compliance with the law which demands, not only that he should have been ignorant of the fraud, but that he should have used reasonable diligence to have informed himself of all the facts. Knowledge of facts which would put a person of ordinary prudence and diligence on inquiry is, in the eyes of the law, equivalent to a knowledge of all the facts which a reasonably diligent inquiry would disclose." 5 Pomeroy, §§ 26 and 27. This rule is in line with our own decisions. Garrett v. Lynch, 45 Ala. 204, Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85. "The bill must show with particularity how and when the plaintiff's knowledge was obtained, in order that the court may determine whether reasonable effort was made by him to ascertain the facts." Hardt v. Heidweyer, 152 U. S. 547, 14 S. Ct. 671, 38 L. Ed. 548. "A party seeking to avoid the bar of the statute on the ground of fraud must aver and show that he used due diligence to detect the fraud, and if he had the means of discovering it, he will be held in equity to have known it." Hubbard v. Manhattan Trust Co. (C. C. A.) 87 F. 51. While the bill attempts to proceed upon the theory that the husband of the complainant represented to her that the mortgage was being given to secure the debts of the Norwood Brokerage Company, and not his debts, we think the bill falls short of such a specific averment. The bill charges that "the said S. Norwood came to her, and stated in substance that the business had gone to smash, and that he would have to turn over the papers and property of the Norwood Brokerage Company to the American Trust & Savings Bank to secure them for money we owe." To what business could he have referred? Surely not the brokerage company,

for, if he had reference to said company, he could have more easily said its papers and property than to have named it as a separate concern. Again, he was conducting a business and the Brokerage Company was merely a holding company of land and not engaged in business. True, the averment does recite that he said for the money "we" owe, but that is in no sense inconsistent with the fact that he had reference to his own business rather than the brokerage company as it is no uncommon thing for husbands and wives to speak of their individual property or business as joint or in plural terms. On the other hand, if it be conceded that he meant that the brokerage company had gone to "smash," it is inconceivable that this complainant by the exercise of the most ordinary diligence could not have found out the facts long before she did, and not waited for 15 years to be informed by her son, and after there had perhaps been a considerable enhancement in the value of the real estate. She owned forty-eight of the fifty shares of the stock in the brokerage company, was on the governing board, joined the corporation in the mortgage to the American Trust Company, and, in effect, reaffirmed the transaction by joining in the second mortgage to Steiner Bros., and transferring her stock to the corporation, and participated in each meeting authorizing the giving of the mortgages, and was therefore familiar with its every transaction and financial condition, and no doubt knew, or could have easily ascertained, that it was not in debt, and had not gone to "smash," and we think the bill fails to acquit the complainant of negligence, even if it be conceded that her husband had reference to the brokerage company instead of the grain business, but a most doubtful concession, and which is made merely by way of demonstration.

The decree of the circuit court is affirmed.
Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.