52 So.2d 515

### MOSS et al. v. DAVITT et al.

### 6 Div. 32.

Supreme Court of Alabama.

May 10, 1951.

Jackson, Rives & Pettus, Birmingham, for appellee.

David R. Solomon and Ellis V. Cruse, Jr., Birmingham, for appellant.

STAKELY, Justice.

The original bill in this cause was filed on October 31, 1946 by Howard Moss and others as executors and trustees under the will of C. L. Moss, deceased, against Mrs. Ida Davitt, Mrs. Louis Davitt Swanson, John E. Davitt and Morris Improvement Company, a corporation. The purpose of the suit is for an accounting in connection with certain property formerly owned by the Morris Improvement Company, a corporation, and in connection therewith to set aside what is claimed to be an invalid foreclosure of a mortgage made by that company on its property. Mrs. Ida Davitt is the former wife of A. E. Davitt. They were divorced. Mrs. Louis Davitt Swanson and John E. Davitt are their children. They constitute the majority stockholders in the Morris Improvement Company and the complainants, who claim through C. L. Moss, deceased, are minority stockholders. C. L. Moss, deceased, was a brother of Mrs. Ida Davitt.

The case was tried orally before the court. At the conclusion of the evidence the court rendered a final decree denying relief to the complainants. In its final decree the court, among other things, said: "There is doubt whether the facts testified to justify relief sought by the complainants, even if their claims were not stale. The court is fully convinced that after a lapse of more than 20 years since the original alleged wrong occurred, and in view of other facts and circumstances in the case, that complainants should not be entitled to recover."

The testimony is voluminous and given in considerable detail. It is not practicable to set it all out. The following will sufficiently outline in substance the salient facts in the case.

The Morris Improvement Company was incorporated September 27, 1904. On December 30, 1916 the corporation made a mortgage on the real estate belonging to the corporation to Jacob Marx to secure an indebtedness of $6,750. The mortgage was recorded in the probate office of Jefferson County on the 5th day of January, 1917. Mrs. Ida Davitt became the president of the corporation on January 5, 1920. She, together with her former husband, her son and her daughter, constituted the Board of Directors of the corporation. While never formally dissolved the corporation has not functioned since 1933. Prior to November 6, 1922 the corporation paid upon the principal of the mortgage indebtedness the sum of $2,000, leaving an unpaid balance on the principal indebtedness of $4,750. On November 6, 1922 the mortgage indebtedness being past due and unpaid Mrs. Ida Davitt used her own funds to purchase the mortgage which together with the indebtedness thereby secured was transferred and assigned to her. This transfer and assignment was recorded in the office of the Probate Court of Jefferson County on November 22, 1922. The mortgage covered approximately 450 acres of coal and mining land in Jefferson County, Alabama, and this property with the improvements thereon constituted all of the assets of the corporation.

On December 8, 1930 the aforesaid mortgage and the indebtedness secured thereby were transferred and assigned by Mrs. Ida Davitt for a valuable consideration to Louis Davitt and John E. Davitt. The transfer and assignment of the mortgage were effected by transfer and assignment made upon the margin of the record where the mortgage is recorded. The aforesaid mortgage was foreclosed and Louis Davitt and John E. Davitt became the purchasers of the property embraced therein at the foreclosure sale. A foreclosure deed was executed on March 10, 1933 and filed for record in the office of the Judge of Probate of Jefferson County on June 29, 1933.

Walter Brower, who was a practicing attorney in Birmingham, Alabama, from June 1911 to July 1934, testified that he was familiar with the transaction whereby the mortgage executed by the Morris Improvement Company had been purchased by Mrs. Ida Davitt and had by her been sold, assigned and transferred to John E. Davitt and Louis Davitt (now Mrs. Louis Davitt Swanson). He showed that he represented

516

the Morris Improvement Company for ten or twelve years, that the mortgage to Jacob Marx was executed in 1916 and long prior to the time Mrs. Ida Davitt became President of the Morris Improvement Company in 1920, that he also represented Mrs. Ida Davitt personally during and prior to the time he represented the Morris Improvement Company, that at the time he was employed by Mrs. Ida Davitt the corporation had no funds. He further testified that he did not recall who prepared the transfer of the mortgage to John E. Davitt and Mrs. Louis Davitt Swanson but that he held the mortgage as collateral to a loan made by John E. Davitt and Louis Davitt. He further testified: "The mortgage was in default as to both principal and interest. The property covered by it was the only asset the company had and at the time it would, in my judgment, have been impossible to have re-financed the mortgage."

The testimony of Walter Brower further shows that the mortgage to Jacob Marx was duly and legally sold and assigned to Mrs. Ida Davitt about 1922 and paid for by her individual money. He further testified and the evidence shows that the mortgage was owned and held by Mrs. Ida Davitt until 1933 at which time for a valuable consideration she sold and transferred the same to John E. Davitt and Louis Davitt and that thereafter it was duly and legally foreclosed and a foreclosure deed duly acknowledged dated the 10th day of June 1933 and filed for record in the Probate Office of Jefferson County, Alabama on June 29, 1933.

There is testimony tending to show that John E. Davitt and Louis Davitt at the time of the foreclosure in 1933 went into the actual, open, notorious, adverse possession of the property and since that time either in person or through agents have been in possession.

There is testimony tending to show that Howard Moss was put on actual notice of the transactions now complained of a number of years before the filing of this suit. Mr. George P. Bondurant, attorney at law, testified that he was formerly Referee in Bankruptcy and practiced law in Birmingham, Alabama for many years, that he was one of the attorneys who represented the trustee Shaeffer, as trustee, in the matter of bankruptcy of Mrs. Ida Davitt, that there were claims against her including a judgment of $7,000 and claims of the Woodlawn Bank, that he remembered the occasion when she was examined in the bankruptcy court by the attorneys for the trustees and he also remembered the bill which was filed to subject the Morris Improvement Company property to the payment of the debts of the bankrupt. In the examination of Mrs. Ida Davitt, the bankrupt, before the bankruptcy court the facts in connection with the transfer were developed. Tendencies of the evidence show that Howard Moss learned of these things as early as 1942 or 1943. No testimony was taken on the bill. There was introduced in evidence a lis pendens notice with reference to the foregoing bill which was filed for record on June 9, 1943.

There is testimony that John E. Davitt left the State of Alabama in 1934 and has continuously remained absent from the state since that time, that Louis Davitt Swanson left the State of Alabama in 1934 and has continuously remained absent from the State of Alabama since that time and that Mrs. Ida Davitt left the State of Alabama in 1943 and has continuously remained absent from the state since that time.

The theory of the complainants is that Mrs. Ida Davitt and her family, who comprise the majority stockholders of Morris Improvement Company, purchased an outstanding mortgage on all the assets of the company and through its foreclosure claim to have secured the assets of the company in their individual right and in such way received the money and assets of the Morris Improvement Company to the detriment of the minority stockholders.

The position of the respondents, however, is that the purchase of the mortgage by Mrs. Ida Davitt and the subsequent transfer thereof to her children were bona fide transactions and necessary to protect their interests, that the income of the company was small and was received and disbursed in a regular manner, that the complainants have no rights but that whatever

rights the complainants may have, if any, have long been barred by laches and prescription.

■ After hearing the case orally before it, the court held that lapse of time together with the other circumstances in the case were sufficient to deny relief to the complainants. This holding will not be disturbed unless we consider it palpably wrong. Randolph v. Randolph, 245 Ala. 689, 18 So. 2d 555.

■ The train of events on which the complainants rely began more than 20 years prior to the institution of this suit. This court has often held that claims of property rights which have been permitted to slumber without assertion or recognition for 20 years are presumed to have no legal existence. Jellerson v. Pettus, 132 Ala. 671, 32 So. 663; Black v. Pratt Coal & Coke Co., 85 Ala. 504, 5 So. 89; Kidd v. Borum, 181 Ala. 144, 61 So. 100; Oxford v. Estes, 229 Ala. 606, 158 So. 534. But some of the events in the train of events occurred less than 20 years before the institution of this suit. In such a situation laches in the sound discretion of the court can take up where prescription leaves off. Cook v. Castleberry, 233 Ala. 650, 173 So. 1; Courson v. Tollison, 226 Ala. 530, 147 So. 635. See 30 C.J.S., Equity, § 114, page 526.

■ But it is argued that under § 42, Title 7, Code of 1940, there is no bar until one year after the discovery of the fraud. It is true that absence of notice affects laches. Norwood v. American Trust & Savings Bank, 216 Ala. 602, 114 So. 220. But facts constituting fraud are deemed discovered when they should have been discovered in determining whether the action therefor is barred. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286. In Butler v. Guaranty Savings & Loan Ass'n, 251 Ala. 449, 37 So. 2d 638, 639, this court said: " 'Fraud is deemed to have been discovered when it ought to have been discovered. Facts which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud, constitute sufficient evidence of discovery.' * * *"

It is without dispute that the mortgage in favor of Jacob L. Marx was recorded in 1917. Its transfer to Mrs. Ida Davitt was recorded in 1922. It was foreclosed in 1933 and a foreclosure deed filed for record on June 29, 1933. There is evidence tending to show that after the foreclosure John E. Davitt and Louis Davitt went into possession of the property and were in possession in person for at least two years and since that time their agents have been in possession. The testimony tends to show that Howard Moss in 1942 or 1943 was apprised of the facts in the case when bankruptcy proceedings were instituted against Mrs. Ida Davitt. He handled all business affairs for the estate since the death of C. L. Moss.

■ It is claimed that the respondents John E. Davitt and Louis Davitt Swanson have been out of the State of Alabama continuously since 1934 and that Mrs. Ida Davitt left the State of Alabama in 1943 and has continuously remained absent from the state since that time. It is therefore contended that under § 34, Title 7, Code of 1940 the statute of limitations cannot be tolled for the period of time during which they have been out of the state. It will be noticed that by the terms of § 34 when a person is absent from the state the time of such absence must not be computed as a portion of the time necessary to create a bar *under this chapter*. Section 34 is expressly confined to limitations provided for in Chapter 2. Willis v. Rice, 157 Ala. 252, 48 So. 397, 131 Am.St.Rep. 55. While § 34 should be considered in computing the time involved in a statute of limitations, it is not applicable where prescription is involved. Oxford v. Estes, 229 Ala. 606, 158 So. 534; Willis v. Rice, supra. Furthermore laches is not controlled by statute but is a creature of equity. Wise v. Helms, 252 Ala. 227, 40 So.2d 700. While absence from the state of the parties claimed to be the wrongdoers can be considered in determining the question of laches, absence from the state is not necessarily controlling because, as pointed out, laches is not controlled by statute. Authorities supra.

■ On the question of laches in addition to what has been said the evidence tends to show this situation. The Morris

Improvement Company is a corporation. It is still undissolved. The complainants are minority stockholders of the corporation. The Morris Improvement Company is an Alabama corporation. There appears to be no good reason why these minority stockholders should not have made inquiry of the Morris Improvement Company with respect to the lands described in the bill and embraced in the mortgage acquired by Mrs. Ida Davitt. These lands lie in Alabama. It appears without question that from 1933, when these lands passed to the possession and control of John E. Davitt and Mrs. Louis Davitt Swanson, the corporation had no income and had ceased to function for lack of assets. We do not see how it is possible for the complainants to contend that in this situation they were exercising such vigilance in connection with their rights as stockholders as to excuse them now of the charge of laches. It may be that the respondents would have been hostile to their claims. If so, this was added reason for them to inquire about the affairs of the corporation in which they were stockholders. It may be true that it would have been futile to take appropriate action within the corporation, Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am.St.Rep. 140, but this is beside the point. We are here dealing with the laches of the complainants in respect to their failure to take action in court to enforce their rights, if any, when they should have known from the absence of stockholders' meetings, directors' reports and other corporate procedure, as well as other circumstances, that their rights were being jeopardized and action was needed. Tendencies of the evidence show that from the time of foreclosure in 1933 John E. Davitt and Louis Davitt Swanson were in the open possession of the lands claiming them as their own. They did nothing to beguile the complainants as to their rights, if any, and openly showed by their action that any relationship that might have existed between them and the complainants was terminated. Under the circumstances it does not seem reasonable to us that complainants can claim themselves to be free of the charge of laches.

But it is seriously argued that the respondents during much of the time were outside of the State of Alabama so that service could not be had on them or on the Morris Improvement Company. This is no answer to the charge of laches. The suit could have been instituted and service on the individuals procured at some later date. Or if personal decree against the individuals was desired, suit could have been instituted in the state where they were living. Or suit at least could have been instituted in the jurisdiction where the lands lie in order to seize the lands through receivership or other process and attack therein made on the transfers relating to the land claimed to be fraudulent. It was necessary to set aside these transfers before any right to the lands or their income could be established in complainants. As a practical matter the present suit was instituted and no personal service effected, but only service through registered mail.

It is our view that Mrs. Ida Davitt advanced her own funds when the mortgage of Jacob Marx was due and unpaid and when refinancing of the mortgage could not be arranged or would have been difficult to say the least. It was necessary for her to do this to protect her own interest and that of her family. We see nothing wrongful in this nor in the subsequent foreclosure. Certainly neither C. L. Moss nor his trustees or personal representatives ever appeared to take any interest in the matter or advance any money of their own. The instruments involved were put on the public record.

C. L. Moss is now dead. Corporate books and records have been misplaced or lost. We agree with the court that lapse of time is on the side of Mrs. Ida Davitt, John E. Davitt and Mrs. Louis Davitt Swanson. When all the facts and circumstances are considered, we consider the decree of the court to be correct. It will not be disturbed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.