105 So.2d 105

### G. W. WALDEN

v.

### A. D. WALDEN et al.

4 Div. 907.

Supreme Court of Alabama.

June 5, 1958.

Rehearing Denied Sept. 25, 1958.

J. Hubert Farmer and Lee & McInish, Dothan, for appellant.

.G. D. Halstead, Headland, and Chas. O. Stokes, Ozark, for appellees.

SIMPSON, Justice.

The trial court sustained respondent's demurrer to the bill of complaint, as amended, and complainant has appealed.

The facts, as averred in the amended bill, show that on July 27, 1925, Walden-Gamble Motor Company, a corporation, was incorporated with a capital stock of $10,000 divided into 100 shares of $100 each. The primary object for which the corporation was formed was to buy and sell automobiles.

One D. A. Walden, Jr., holding 50 shares of stock, was president of the corporation; one E. V. Gamble, holding 25 shares of stock, was vice-president and general manager of the corporation; complainant G. W. Walden, holding 25 shares of stock, was secretary-treasurer of the corporation.

The Walden-Gamble Motor Company operated an automobile business in Roanoke, Alabama, as the authorized Ford dealer for such town from August 1, 1925, until November, 1932, at which time D. A. Walden, Jr. and E. V. Gamble removed all the assets and holdings to Ozark, Alabama and continued to operate the same kind of business as the authorized Ford dealer, but without the service of complainant, in the name of Walden-Gamble Motor Company.

It appears that some time after November, 1932 and before May 4, 1944, Gamble conveyed his interest in the corporation to V. P. Taylor, a respondent herein. Upon the death of D. A. Walden, Jr., in September, 1943, A. D. Walden, respondent, succeeded to his interest in the corporation.

On May 4, 1944, respondents Taylor and Walden executed and recorded in the Probate Office of Dale County a limited partnership agreement for the purpose of operating an automobile dealer agency for Ford cars and trucks in Ozark, Ala., under the name of Walden-Taylor Motor Com-

pany, Ltd., with 75 percent of the profits to go to Walden and 25 percent to Taylor.

The bill also avers that on May 4, 1944, Walden and Taylor, as owners of 75 percent of the stock of Walden-Gamble Motor Company, transferred or sold without consideration to Walden-Taylor Motor Company all the assets of the former company. Complainant received no notice of nor has he ratified said sale, although respondents knew of his status as a stockholder in Walden-Gamble Motor Co.

It further appears that on May 24, 1946, respondents Taylor and Walden executed and recorded another partnership agreement for the purpose of operating the same kind of business at the same location under the name of Walden-Taylor Motor Company, Ltd., under the terms of which 55 percent of the profits thereof were to be received by Walden and 45 percent of the profits thereof were to be received by Taylor.

Complainant seeks to set aside the transfer of the assets of Walden-Gamble Motor Company, a discovery and an accounting for all profits since November, 1932.

■ By demurrer respondents take the point that complainant is barred by laches. From Moss v. Davitt, 255 Ala. 513, 517; 52 So.2d 515, 518, the following is pertinent:

"The train of events on which the complainants rely began more than 20 years prior to the institution of this suit. This court has often held that claims of property rights which have been permitted to slumber without assertion or recognition for 20 years are presumed to have no legal existence. [Authorities.] But some of the events in the train of events occurred less than 20 years before the institution of this suit. In such a situation laches in the sound discretion of the court can take up where prescription leaves off."

Complainant avers that he had no knowledge or notice of the transfer of the assets and the change of name of the Ford automobile agency until within sixty days next preceding the filing of the bill in November, 1955.

Section 91, Title 10, Ala.Code 1940, provides that "the entire property of a private corporation may be sold, exchanged, or bartered for other property, or otherwise disposed of when authorized by a vote of two-thirds of the board of directors and subsequently ratified by a vote of the holders of four-fifths in value of the capital stock of such corporation at a stockholders meeting called to consider the matter. Ten days' notice of such stockholders meeting shall be given in writing prior thereto and the purposes for which the meeting is called shall be stated in the notice."

■ It appears from the bill that complainant received no notice of, nor has he ratified, the transfer of all the assets of the corporation; such transfer was therefore, as to the complainant, invalid as being contrary to the statute, supra. Boozer v. Blake, 245 Ala. 389, 17 So.2d 152.

■ Where, however, a stockholder has acquiesced in a transfer of all the assets of the corporation which transfer was without the observance of § 91, Tit. 10, supra, he may be estopped to claim the contrary. Autauga Co-op. Leasing Ass'n v. Ward, 250 Ala. 229, 33 So.2d 904.

Long delay is strong evidence of acquiescence. Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006. It is also clear that the right of a dissenting stockholder to object to such a transfer may be lost by laches. See Moss v. Davitt, supra; Cole v. Birmingham Union R. Co., 143 Ala. 427, 39 So. 403; 13 Am.Jur., Corporations, §§ 460, 1022, 1225; 13 Fletcher Cyc. of Corporations, §§ 5823, 5828, 5829. See also 54 C.J.S. Limitations of Actions § 168; 10 A.L.R. 370.

**148**

  Generally one without notice or knowledge can not be charged with laches. Means of knowledge, however, are equivalent to knowledge. Whatever is sufficient to excite attention and put the party on his guard and call for inquiry is notice of everything to which the inquiry would have led. Cole v. Birmingham Union R. Co., supra. And facts constituting fraud are deemed discovered when they should have been discovered in determining whether the action therefor is barred. Moss v. Davitt, supra.

The transfer of the assets of Walden-Gamble Motor Company to Walden-Taylor Motor Company, Ltd., occurred more than 10 years prior to the filing of the bill; Walden-Gamble Motor Company is an Alabama corporation not yet dissolved; no concealment of anything that was done by the respondents is averred, but to the contrary it appears that the respondents discontinued the operation of the automobile business under the name of Walden-Gamble Motor Company and recorded the partnership agreements for the purpose of operating an automobile business under the name of Walden-Taylor Motor Co., Ltd. It further appears that they have continued to operate such business so as to cause appreciable increase in the value of the business. We do not see how it is possible for the complainant to contend that in this situation he was exercising such vigilance in connection with his rights as a stockholder as to excuse him now of the charge of laches. See Moss v. Davitt and authorities, supra.

Also, it does not appear from the bill how the knowledge of the fraud was obtained and why it was not obtained earlier. Laney v. Dean, 258 Ala. 37(6), 61 So.2d 109.

W also observe that complainant is not seeking a dissolution of the corporation nor is this an action for wrongful expulsion as a stockholder in the corporation.

We conclude that the demurrer was properly sustained. See Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201; Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625; Blythe v. Enslen, 203 Ala. 692, 85 So. 1.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.