114 So.2d 914

## G. W. WALDEN

v.

## A. D. WALDEN et al.

### 4 Div. 985.

Supreme Court of Alabama.

Oct. 8, 1959.

J. Hubert Farmer and Lee & McInish, Dothan, for appellant.

G. D. Halstead, Headland and Chas. O. Stokes, Ozark, for appellees.

LAWSON, Justice.

The original bill was filed on November 15, 1955, by G. W. Walden against A. D. Walden, V. P. Taylor and Walden-Taylor Motor Company, a corporation.

The bill sought to set aside the transfer of the assets of Walden-Gamble Motor Company to Walden-Taylor Motor Company, a partnership composed of the respondents A. D. Walden and V. P. Taylor. The transfer was alleged to have occurred in May, 1944. Discovery and accounting were also sought.

The Circuit Court sustained the demurrer of the respondents to the original bill as amended. This ruling was affirmed here on former appeal on the ground that the original bill as amended showed on its face that complainant was guilty of laches. Walden v. Walden, 268 Ala. 145, 105 So.2d 105.

Thereafter the complainant, G. W. Walden, filed a substitute bill. The demurrer of the respondents was sustained and the complainant has appealed again to this court.

The averments of the original bill as amended are summarized in the opinion delivered on first appeal and need not be set out here. In holding the original bill as amended subject to the demurrer interposed, we said:

"Generally one without notice or knowledge can not be charged with laches. Means of knowledge, however, are equivalent to knowledge. Whatever is sufficient to excite attention and put the party on his guard and call for inquiry is notice of everything to which the inquiry would have led. Cole v. Birmingham Union R. Co., supra [143 Ala. 427, 39 So. 403]. And facts constituting fraud are deemed discovered when they should have been discovered in determining whether the action therefor is barred. Moss v. Davitt, supra [255 Ala. 513, 52 So.2d 515].

"The transfer of the assets of Walden-Gamble Motor Company to Walden-Taylor Motor Company, Ltd., occurred more than 10 years prior to the filing of the bill; Walden-Gamble Motor Company is an Alabama corporation not yet dissolved; no concealment of anything that was done by the respondents is averred, but to the contrary it appears that the respondents discontinued the operation of the auto-

mobile business under the name of Walden-Gamble Motor Company and recorded the partnership agreements for the purpose of operating an automobile business under the name of Walden-Taylor Motor Co., Ltd. It further appears that they have continued to operate such business so as to cause appreciable increase in the value of the business. We do not see how it is possible for the complainant to contend that in this situation he was exercising such vigilance in connection with his rights as a stockholder as to excuse him now of the charge of laches. See Moss v. Davitt and authorities, supra.

"Also, it does not appear from the bill how the knowledge of the fraud was obtained and why it was not obtained earlier. Laney v. Dean, 258 Ala. 37(6), 61 So.2d 109." 268 Ala. 148, 105 So.2d 105, 107.

We have carefully examined the substitute bill presently before us in connection with the bill under consideration on the former appeal and we find no averments in the substitute bill which remedy the defects pointed out above.

We see no need to summarize the bill presently before us. Although some of the averments of the original bill as amended are omitted and a few averments are added, the substitute bill is in essence the same bill we passed on previously.

We have given consideration to the cases from other jurisdictions cited in brief of appellant. However, we have carefully re-examined our former opinion and entertain the view that it correctly states the law of this state.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.