130 So.2d 47

**Marie P. WALDEN, as Executrix, etc.**

v.

**A. D. WALDEN et al.**

**4 Div. 59.**

Supreme Court of Alabama.

May 11, 1961.

J. Hubert Farmer and Alto V. Lee, III, Dothan, for appellant.

Chas. O. Stokes, Ozark, and Halstead & Whiddon, Headland, for appellees.

MERRILL, Justice.

Appeal from a decree sustaining a demurrer to the substituted bill as amended. This is the third appeal from such a ruling. The first appeal, from a decree sustaining demurrer to the original bill, is reported at 268 Ala. 145, 105 So.2d 105, and we affirmed. The second appeal, where demurrer was sustained to a substitute bill, appears at 269 Ala. 616, 114 So.2d 914, and we again affirmed. This time, the substitute bill was amended by adding paragraphs A, B and C. Demurrer was sustained by the trial court. Again we affirm.

Between the time the demurrer was filed to the substitute bill as amended, and the ruling thereon, the complainant, G. W. Walden, died. The suit was revived in the name of his widow and executrix, Marie P. Walden.

The pertinent allegations of the original and substitute bills are stated in the first two appeals, and only so much of the allegations are restated as to make the present opinion understandable.

In 1925, the Walden-Gamble Motor Company was formed and did business at Roanoke in Randolph County. The corporation was owned by D. A. Walden, Jr., 50 shares; G. W. Walden, the original complainant, 25 shares; and E. V. Gamble, 25 shares. The assets of the corporation were moved in 1932 from Roanoke to Ozark in Dale County and the company continued as an authorized Ford dealer. Prior to 1944, Gamble sold his interest to V. P. Taylor, one of the respondents.

In 1943, the principal stockholder, D. A. Walden, Jr., died, and his son, A. D. Walden, another respondent, succeeded to his father's interest. On May 4, 1944, A. D. Walden and Taylor transferred all the assets of Walden-Gamble Motor Co. to Walden-Taylor Motor Company, a limited partnership composed of A. D. Walden and Taylor. Their partnership agreement was recorded in Dale County. The original bill in this cause was filed on November 15, 1955.

In the two former decisions, we held:

(1) The transfer of assets of Walden-Gamble Motor Company to Walden-Taylor Motor Company occurred more than ten years prior to the filing of the bill.

(2) The bill shows that Walden-Gamble Motor Company is an Alabama corporation not yet dissolved.

(3) No concealment of anything that was done by the defendants, Walden and Taylor, is averred.

(4) It is alleged that Walden and Taylor discontinued the operation of the automobile business under the name of Walden-Gamble Motor Company over eleven years before the filing of the bill and have since operated under the name of Walden-Taylor Motor Company.

(5) They have continued to publicly operate the business for over eleven years and increased the value of Walden-Taylor Motor Company.

(6) The bill does not aver why knowledge of the alleged fraud was not obtained earlier by G. W. Walden through the exercise of ordinary diligence.

The effect of amendments A, B and C is that a confidential relationship is alleged to have existed between G. W. Walden, the complainant, and D. A. Walden, Jr. because of some joint land transactions in Henry and Houston Counties, and that "an oral express trust" was created whereby D. A. Walden, Jr. would look after G. W. Walden's interest in the Motor Company, and when D. A. Walden, Jr. died in 1944, his son, A. D. Walden, agreed to continue looking after complainant's interest.

We have carefully examined the amendments and we are not prepared to say that these new allegations are sufficient to answer the objections raised in our prior opinions. The substitute bill as amended still shows laches on its face, a delay of over eleven years to ask for any accounting and no valid excuse or reason why the alleged fraud was not discovered earlier. The demurrer was properly sustained. Walden v. Walden, 268 Ala. 145, 105 So.2d 105; Walden v. Walden, 269 Ala. 616, 114 So.2d 914.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.