170 So. 220

## MITCHELL v. BOTTOMS et al.

### 6 Div. 845.

Supreme Court of Alabama.

Oct. 15, 1936.

W. L. Chenault, of Russellville, for appellant.

FOSTER, Justice.

This is a suit in equity seeking to cancel a mortgage on land and personalty on the ground that the debt has been paid, or, in the alternative, to redeem if there remains an amount unpaid.

The court, hearing the case on depositions, decreed that it was due and unpaid, and that complainant be allowed time in which to pay it, in default of which respondents were authorized to proceed with the foreclosure. Complainant appeals.

The mortgage was dated January 15, 1921, due October 15, 1921, and made to T. W. Carpenter, ancestor of respondents. Complainant had previously prosecuted and lost a suit to cancel the mortgage on the ground that he did not execute it. Mitchell v. Bottoms, 228 Ala. 225, 153 So. 424. Complainant had executed a land mortgage to Carpenter in 1918, and had induced him to take up two other land mortgages, and also another was later taken up, and all were transferred to Mr. Carpenter. The last one just mentioned was the Pope mortgage, and was on personalty, and all the others mentioned were on realty also. On February 13, 1923, he executed a mortgage on personalty to Mr. Carpenter. That was the last mortgage given or held by him. Mr. Carpenter died October 13, 1931, and left book accounts and papers. He was a merchant and did an extensive business on credit. He kept his own books, and

his second wife and their daughter, seventeen years of age when he died, helped in the store. The mortgage here in question was found among his papers, and the administrators awarded it to respondents on a division of the estate.

Books of account of Mr. Carpenter were introduced in evidence showing complainant's account beginning August 17, 1926, when a balance of $210.13 was charged. The record shows items of account each year thereafter extending to February 5, 1931, with a balance of $282.58. The witnesses refer to this balance as $280.58, for which complainant gave his simple note after Mr. Carpenter died. Complainant was a farmer, and the account shows items purchased not unusual by a farmer, and the evidence is that the credits consisted of cotton sold and delivered to Carpenter each year, or its proceeds. At the close of 1927 and 1928, each respectively, only small balances were carried forward. Mrs. Carpenter testified that he settled his account sometimes. For 1929 and 1930 there were substantial balances. There are no book entries in evidence prior to August 1926. There is no evidence of how or where he charged the several mortgages mentioned. They were given for a sum certain, but did not include future advances. The daughter testified they were given to secure the current account. But the last mortgage was given in 1923, and the account extended through 1930. It does not appear whether the realty mortgages, or the amounts advanced on that account were charged in the account in which a balance was carried into the 1926 book entry, or that they were elsewhere charged.

In 1930, when certain payments were made in proceeds of cotton, Mr. Carpenter surrendered to appellant all the mortgages held against him, except the one in question, but included the land mortgage of 1918, those which had been transferred, and the chattel mortgage of 1923, and there was no discussion of the mortgage in question. There is evidence that he intended to include them all. Mr. Carpenter died a year later, after complainant had ceased to trade with him, and without demanding payment of this mortgage or seeking its foreclosure. There is no evidence that he ever referred to it in any manner. He died two days before ten years had expired after its maturity, and nothing was ever done about it or effort made to collect it until after ten years had expired. During all that time appellant had been in possession of the land, and there is no evidence that the mortgage in question was ever discussed, except when in 1930, it is said by some of the witnesses that all were included in the settlement without naming any one particularly.

Complainant's possession for ten years is not alleged to have been adverse, and not a bar to the foreclosure of the mortgage, and no such claim is made. New England Mortgage Security Co. v. Fry, 143 Ala. 637, 42 So. 57, 111 Am.St. Rep. 62; Smith v. Gillam, 80 Ala. 296, 301. Without a repudiation and notice of it given the mortgagee, his possession is presumed not to be adverse, and will not bar foreclosure until the expiration of twenty years. Scott v. Scott, 202 Ala. 244, 80 So. 82; Shockley v. Christopher, 180 Ala. 140, 60 So. 317; Austin v. Edwards, 201 Ala. 532, 78 So. 886.

A mere lapse of time short of twenty years, even though exceeding the period when the debt is barred, does not raise a presumption of payment, but it is a circumstance to be considered in connection with other circumstances indicating a payment, though no one such would raise a presumption of payment. Phillips v. Adams, 78 Ala. 225; May v. Wilkinson, 76 Ala. 543.

There is no evidence that the debt was not paid on or before the time when the other land mortgages were surrendered. None of them secured future advances. And though advances were made each year, there was not even a chattel mortgage to secure them after 1923. There is no book charge in evidence of the amount of this or any other land mortgage, since the books prior to 1926 do not appear. If he owed the land debt in addition to the account for advances yearly, which the books show, beginning in 1926, there should naturally have been a statement of it elsewhere brought forward as another account. If the amount of the land mortgages were charged in the account, a balance of which was brought forward in 1926, there is no reason why it was not paid by the credits annually applied, since there was no duty shown to pay the year's supplies before the older items of charge.

Mr. Carpenter in life surrendered all the other land mortgages, and made no claim for the amount of this, though complainant

ceased to trade with him before he died. This all corroborates the evidence, not expressly contradicted, that the debt was paid.

We do not think that the failure of complainant to explain or deny the existence of the debt when appraisers called after the death of Mr. Carpenter outweighs other circumstances, and the positive proof. The mortgage was then more than ten years old. There is no evidence that express reference had been made to it in that time. But that being established, it is consistent with lapse of memory after so long a period; and not inconsistent with a claim that all his land mortgages were paid to Mr. Carpenter. It is certainly no stronger circumstance against complainant than the neglect of Mr. Carpenter to make an effort to collect the debt is favorable to him.

We cannot agree with the conclusion which the trial judge reached on the facts. The decree of that court is therefore reversed, and one here rendered declaring that said mortgage has been paid and satisfied and the property embraced in it is free from the encumbrance of it.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.