181 So. 263

## BARRENTINE v. PARKER.

### 6 Div. 213.

Supreme Court of Alabama.

March 10, 1938.

Rehearing Denied May 26, 1938.

Norman Gunn, of Jasper, for appellant.

H. M. Abercrombie and C. D. Snow, both of Birmingham, for appellee.

FOSTER, Justice.

On November 16, 1935, appellant filed a bill in equity, alleging that on October 9, 1920, he executed a mortgage on certain land to A. L. Kilgore, to secure a loan of $400 due in installments of $100 each, payable January 1, 1921, January 1, 1922, January 1, 1923, and January 1, 1924; that he paid the first note when it was due, and the other three were paid a short time before the last note fell due, when they, with the mortgage, were surrendered to him; that in a few days thereafter Kilgore was killed; and that appellee claims to own the mortgage, and has advertised a foreclosure sale. The bill seeks a cancellation of the mortgage and offers to do equity.

Thereafter, the foreclosure sale occurred on December 10, 1935, and appellee filed a cross-bill on February 4, 1936, in which it is denied that the mortgage had been paid; and alleged that he was appointed administrator of Kilgore's estate, being a half-brother (this was done on November 14, 1923), and that he demanded payment of this debt by appellant, who refused to pay it; that he thereafter foreclosed the mortgage on December 10, 1935, (after this suit was filed), and became the purchaser. He prays for a decree declaring that appellant has no right, title, or claim to the property, and that he is its owner; and that appellant be dispossessed.

In answer to the cross-bill, while appellant denies that appellee demanded payment of the debt, he alleges that appellee asked him if he owed Kilgore anything, to which he replied that he did not; and several years afterwards he requested appellee to mark the record satisfied, to which appellee replied that he would have to consult his attorney. He also pleaded the statute of limitations of ten years, Code 1923, § 8943, and adverse possession of the land for ten years, as well as laches and staleness of demand.

Upon testimony taken out of the presence of the court, a decree was entered that the mortgage had not been paid to the extent of the principal notes of $300, ordering a reference to ascertain the amount due to be paid on redemption, and that a redemption be allowed upon payment of the amount thus ascertained, or, in default thereof, that he shall deliver possession to appellee, and the issuance of process if necessary for that purpose. The decree is predicated solely upon a finding that the mortgage debt was not paid. No reference is made in it to the claim of ten years' adverse possession by appellant.

Appellee in brief argues that there is no other question than payment because nothing else is set up in the bill as a basis for relief. But the cross-bill submits to the court a decision as to the status of the title, asserting that it is in appellee, and seeking relief on that basis, and praying that he be put into possession.

While appellant did not in the original bill invoke the right of adverse possession as a basis for relief, he did so as a defense to the relief prayed in the cross-bill. That makes it an issue as re-

spects the whole controversy, since the bill and cross-bill were tried together, and one decree was properly rendered in respect to both.

If the title to the land had been acquired by appellant as against appellee by virtue of his adverse possession, a decree was not due to be rendered on the cross-bill declaring the title to be in appellee (subject to the right of redemption), but on that hypothesis a decree on the issues made by the cross-bill and the answer to it was due to be rendered declaring the title to be in appellant, and denying affirmative relief to appellee. A decision of that question if in favor of appellant would render other questions unimportant.

On that subject, we find the law to be well settled, that although a mortgagor remains in the actual, open, possession of the mortgaged land without recognition of the debt or the existence of the mortgage as a valid claim, but without a renunciation or disclaimer of the mortgagee's right, traced to his knowledge, for a period of twenty years from its maturity, or from his last recognition of it as subsisting, he cannot defeat foreclosure proceedings begun within such twenty-year period. Christopher v. Shockley, 199 Ala. 681, 75 So. 158; State v. Conner, 69 Ala. 212; Ohmer v. Boyer, 89 Ala. 273, 7 So. 663; Coyle v. Wilkins, 57 Ala. 108; Mitchell v. Bottoms, 233 Ala. 107, 170 So. 220.

We do not now consider whether a notice of foreclosure sale published, as required by the mortgage, without some court proceeding would stop the running of the statute.

Those authorities also hold that after a "renunciation or a disclaimer of the mortgagee's right, and that renunciation traced to his knowledge," all done by the mortgagor or by his authority, his possession then becomes prima facie adverse to the claim of the mortgagee under the mortgage, and will, the contrary not appearing, defeat the mortgage upon the expiration of ten years thereafter, without due proceedings sufficient to stop the running of the statute, during which such possession has been continuous, and without recognizing any rights of the mortgagee under it; though further renunciation is not necessary. But his position in that respect is naturally strengthened if during that period he shall from time to time continue to make known to the mortgagee his renunciation or disclaimer. This of course applies to the successors in interest of the mortgagee.

The main right of a mortgagee is to collect his debt, and if necessary to subject the land to sale for that purpose. All other rights are subsidiary to that main one; so that when the debt is paid, the mortgagee has no further rights under the mortgage, and his title acquired by it becomes, ipso facto, divested out of him, section 9026, Code, likewise, all subsidiary rights.

We think, therefore, that it logically follows that a renunciation of liability for the debt secured by the mortgage or a disclaimer of the present existence of such a debt or a claim of full payment of it, is a "renunciation or a disclaimer of the mortgagee's rights" under the mortgage, so as to start a period of adverse possession under the ten-year statute when such renunciation is made to the mortgagee (or his successors in interest), or he has notice of it, and when the mortgagor has the other essentials of adverse possession.

In this case, the mortgagee died in October, 1923; this appellee, his sole heir and distributee, was appointed his administrator in November, 1923; the last note secured by the mortgage was due January 1, 1924; the first step taken to enforce the mortgage was the publication of foreclosure notice November 7, 1935; the administrator had made final settlement as such in 1929, without referring to this claim in the course of the administration or on final settlement. But he undertook to foreclose as owner of the mortgage by inheritance as sole heir and distributee of the deceased mortgagee; so that what he learned as administrator in respect to a renunciation by appellant, was in the status as the mortgagee. His change of capacity did not affect the continuous effect of such information. It was operative alike while he was administrator and after he made settlement, since he then claimed as sole heir and distributee. If the statute of limitations, by adverse possession, began to run while he was administrator, its continuity was not interrupted by the change in the status of his claim from that of administrator to one which was simply personal. 13 Alabama Digest, Limitation of Actions, ☞ 76, 80, 82, and 83.

The evidence was without dispute that appellant had been living upon and cultivating the land as his homestead continuously

for a period beginning long before the mortgage was made, and extending to the time of trial, except for fourteen months when he rented it to a tenant.

The evidence relating to renunciation is first by appellant, who testified that soon after appellee was appointed administrator (which was in November, 1923), they had a conversation as to the claim of indebtedness by appellant to the estate, in which he told appellee that he had the notes and mortgage at home in his trunk, and that he did not owe deceased any amount. Evidently with reference to the same conversation, appellee testified that he asked appellant to pay him (shortly after he was appointed administrator) what he owed Kilgore, to which he replied that he paid it off on Saturday before Kilgore was killed on Monday (October 29, 1923). This was more than ten years before any effort was made to foreclose the mortgage. He also testified that a few years later he met appellant in Jasper, and the latter requested him to mark the mortgage satisfied, and he replied that he had received no money, and that he would not do so, whereupon appellant replied: "Well, I will make you wish that you had." And at another time, at Praco, appellant told this appellee that he could have sold his place and had lost a thousand dollars on account of "the mortgage being marked pending, and that he was going to sue me."

That all showed that appellant made known to appellee more than ten years before he began foreclosure proceeding that he claimed full payment of the mortgage, and that in the following years this was in effect repeated by his several demands that the record be marked satisfied. During this time appellant was in possession of the land residing on it and cultivating it, and appellee did not seek to subject it to sale nor otherwise to collect the debt secured by the mortgage, and which he claims had not been paid, with full knowledge that appellant claimed that the mortgage had been paid, and that he was in his possession of the land. This was a renunciation in effect of all substantial rights which appellee might have or claim under the mortgage, and showed without dispute that such renunciation was made and repeated in a way to indicate that it was presumptively continuous.

There is no evidence which reflects upon that status. And that situation in connection with the uncontradicted proof of continuous possession by appellant during such period extending over more than ten years thereafter, makes good appellant's defense of adverse possession for ten years so as to defeat the right to foreclose the mortgage, and all claims under it, even though in fact it may not have been paid as claimed by appellant.

There was much evidence supporting and contradicting the claim of actual payment of the mortgage debt. The court recited in the final decree a finding that it had not been paid, and upon that finding decreed an equity of redemption to exist in appellant, and in default of an exercise of it that his right shall terminate and that he shall deliver possession to appellee. This was evidently without due consideration to the defense of adverse possession made an issue as we have explained, and duly proven.

The result of that conclusion by us is that appellant is the owner of the land involved in this litigation free from the claims of appellee, and that the mortgage by appellant and wife to A. L. Kilgore, dated October 9, 1920, is not sufficient to defeat appellant's title. The land is described as the west half of southwest quarter of section 34, township 15, range 5 west, Walker county, except 7 acres more or less, which had been sold prior to the execution of the mortgage, and except the oil, gas, mineral and mining rights also excluded from its operation, and not here involved.

A judgment is here rendered accordingly.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.