161 So.2d 592

**Herold J. SCHWAB et al.**

v.

**Margaret E. Brown NONIDEZ.**

6 Div. 965.

Supreme Court of Alabama.

March 5, 1964.

James, Beavers & Harrison, Birmingham, for appellants.

Graham, Bibb, Wingo & Foster, Birmingham, for appellee.

PER CURIAM.

This appeal is referable to a suit filed in the circuit court of Jefferson County, in equity, by appellants-devisees of one Jonas Schwab, deceased, against respondent-devisee of W. K. Brown, deceased, to quiet title to a lot described in the complaint.

Respondent-devisee by cross-bill sought to quiet title to the same lot. Thereupon, on filing of the cross-bill, appellants filed a motion pursuant to § 296, Title 51, Code of Alabama, 1940 (Code of 1923, § 3108), to redeem from a tax sale, whereat W. K. Brown, devisor of appellee, became the purchaser, and in 1923, the grantee of a tax deed to the property executed and delivered by the Probate Judge of Jefferson County.

From a decree of the circuit court of Jefferson County denying relief on the motion to redeem, and refusing relief prayed in the original bill to quiet title, but granting relief to appellee on her cross-bill to quiet title, complainants, Schwab's devisees, appeal here to review the decree, assigning as error several aspects of the decree.

The case was submitted to the trial judge on the pleadings and on an agreed statement of facts, to the pertinent parts of which we now advert.

The land involved is a vacant lot which has never been actually occupied by either of the parties to this appeal, nor by Schwab or Brown. The tax deed to Brown is admittedly valid. Schwab acquired valid title to the lot by deed on December 31, 1907, executed and delivered by Jonas Schwab Company, a corporation, which in turn was the grantee in a mortgage foreclosure deed, dated January 17, 1899. The corporation, during its ownership, had the acreage surveyed and divided into lots by an appro-

priate plat duly certified and filed. The tax deed to Brown is dated May 26, 1923, and recorded in the probate office of Jefferson County on May 26, 1923.

Devisor, Jonas Schwab individually assessed the lot here involved for taxes during the tax years 1908–1919, inclusive; also for the year 1921, and for the years 1923–34, inclusive. For the tax years 1937–42, inclusive, the lot was assessed to Schwab's estate. For the tax year 1920, the lot was assessed to "Owner unknown," and sold to Brown for the taxes assessed for that year.

For the tax years 1924–1962, inclusive, the lot was also assessed to W. K. Brown, the purchaser at the tax sale.

Jonas Schwab died October 7, 1942, and W. K. Brown died on October 3, 1937, each leaving a last will and testament, duly probated, with the respective devisees herein mentioned.

 We think that all the issues raised on this appeal should defer to the rule of repose or prescription raised by appellee, and in pretermitting all of such issues except the rule of repose, we will do no injustice to either party to this appeal. The rule of repose in our judgment is decisive of this appeal and is in conformity with the predication of the decree by the trial court.

From the time Brown obtained the valid tax deed on May 26, 1923, until suit was filed on June 5, 1957, 34 years had elapsed. This was in excess of the 20 years that govern the application of the rule of repose or prescription.

In Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201(1), a basic case on the rule of laches, the late and eminent Justice Simpson, speaking for the court, addressing the opinion to a bill to require an accounting by an administrator of a trustee whose trusteeship commenced more than 20 years before the filing of the bill, held that the bill was barred by laches in the absence of allegations of the recognition of the trusteeship during the period; the presumption of settlement being conclusive. We quote:

"As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, 'the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, "and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible." ' * * * [See cases cited]."

In the case of Tarver v. Tarver, 258 Ala. 683, 65 So.2d 148, we observed:

" * * * We have also further said that when claims of property rights

which have been permitted to slumber without assertion or recognition for twenty years, are presumed to have no legal existence. Moss v. Davitt, supra, [255 Ala. 513, 52 So.2d 515]; Jellerson v. Pettus, 132 Ala. 671, 32 So. 663."

In a recent case, Ballenger v. Liberty National Life Insurance Company, 271 Ala. 318, 123 So.2d 166(9), we had occasion to refer to the doctrine of prescription in language as follows:

"The doctrine of prescription in this state is perhaps unique. It is, however, well established, and has application beyond the statute of limitations, and not affected by it. Patterson v. Weaver, 216 Ala. 686, 114 So. 301. The rule creates a conclusive bar. Roach v. Cox, 160 Ala. 425, 49 So. 578, 135 Am.St.Rep. 107. It is 'not affected by the circumstances of the situation, that is to say, whether truth and justice are thereby obscured, or by the death of parties or destruction of testimony, and conduct based upon the apparent situation, or the age, state of mind, or status of responsibility. These are circumstances which are considered in respect to laches but not prescription. Oxford v. Estes, supra [229 Ala. 606, 158 So. 534]; Courson v. Tollison, 226 Ala. 530, 147 So. 635; Ashurst v. Peck, 101 Ala. 499, 14 So. 541; * * *'. Quoted from Wilkerson v. Wilkerson, 230 Ala. 567, 571, 161 So. 820, 822. And in Garrett v. Garrett, 69 Ala. 429, it is said:

" 'So sweeping is the principle in its scope and operation, that the presumption raised by it is not arrested or rebutted by the proof of any disability, such as infancy or coverture, on the part of the distributees by whom a trustee or administrator has been cited to settlement.' "

See, also, Eason v. Samson Lodge No. 624, A. F. & A. M., 270 Ala. 194, 117 So.2d 138(3), wherein the late Justice Stakely adequately treats the doctrine of prescrip-

tion in its application to the facts in that case.

The tax deed had the effect of divesting the title out of Jonas Schwab and investing it in Brown. The title of Brown remained unchallenged by lawful procedure for a period of 34 years. We think the rule of prescription or repose is operative notwithstanding statements in opinions of this court to the effect that the owner invoking the aid of § 296, Title 51, Code of Alabama, (see: § 3108, Code of 1923), may redeem at any time if he brings himself within the conditions and purview of this statute [§ 296], which reads as follows:

"§ 296. Effect of payment by original owner or assignee.—When the suit is against the person against whom the taxes were assessed, or the owner of the land at the time of the sale, his heir, devisee, vendee, or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the cause, ascertain the amount paid by the purchaser at the sale, and of the taxes subsequently paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the suit, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land, shall by such judgment be divested out of the owner of the tax deed."

These expressions with respect to unlimited time for redemption appear in Tensaw Land and Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411(3), and also in Tanner v. Case, 372 Ala. 432, 142 So.2d 688(1).

It is to be noted that in the above two cases, and in other cases of like import, the rule of repose or prescription was not an issue and, so far as we can ascertain, was

not in the mind of the court in the use of these unrestrictive words.

We do not think that the legislature in enacting Title 51, § 296, supra, and in the passage of antecedent statutes of the same import, had any intention of excluding the doctrine from application to proceedings under this redemption statute, nor to disturb its application to belated proceedings to redeem by authority of this law. The rule has been applied so many times and has been the law of this state for so many years, we are unwilling to say that the legislature intended to except its application to proceedings here initiated and to others of like kind without a more definite expression to that effect.

Appellants contend that their right of possession is such as to require some sort of suit to oust them, Tensaw Land and Timber Company, 244 Ala. 657, 15 So.2d 411.(10–11), supra, and for that reason they are not barred by the rule of laches or repose from asserting their right under § 296, supra, to redeem. Citing Tarver v. Tarver, 258 Ala. 683, 65 So.2d 148(4), supra; First National Bank of New Brockton v. McIntosh, 201 Ala. 649, 79 So. 121(3), L.R.A. 1918F, 353; and Chatman v. Hall, 246 Ala. 403, 20 So.2d 713(14).

In each of the foregoing cited cases, the party who was the target of the rule was in actual possession. Such immunity from the doctrine of prescription or the fact of laches does not obtain in the case at bar for the reason that neither of appellants, nor their predecessor in title, Jonas Schwab, according to the agreed statement of facts, has ever been in actual possession so as to bring them within the rule of immunization pronounced in these cases.

We hold that the decree of the trial court in denying redemption under § 296, supra, and in quieting title in respondent was in accordance with law in the light of the agreed statement of facts. The decree is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.