168 So.2d 614

**Ruby Cotton SCROGGINS**

v.

**J. H. RENEAU et al.**

5 Div. 795.

Supreme Court of Alabama.

Nov. 5, 1964.

Tom Radney, Alexander City, for appellant.

Sam W. Oliver, Dadeville, for appellees.

HARWOOD, Justice.

This is an appeal from a decree denying the complainant relief and dismissing her bill. The bill sought a sale of land for division, the complainant asserting that she was the owner in fee simple of an undivided one-half interest in the land in question.

The cause below was submitted on the complaint, answer, and stipulation of facts.

This stipulation shows that in 1919 the land in question was conveyed by one Boy Thrower by warranty deed to J. Cotton, and wife. J. Cotton is the same as Jace Cotton, and his wife was Judson Cotton. Thereafter, Jace Cotton built a house on the land and he and his family lived there.

The Cottons had four children. The youngest is the appellant. She was born in 1922, and her mother died either at the time of her birth or shortly thereafter. There was no administration of Judson Cotton's estate, nor was any will purportedly to be hers ever probated or offered for probate.

Jace Cotton continued to occupy the home until 1937. In that year he conveyed the entire tract of land by warranty deeds, but in two separate parcels. The vendee of parcel 1, consisting of 32 acres, was J. L. Phillips. Parcel 2, consisting of 25 acres, was conveyed to J. E. Cotton.

Phillips' widow and heirs conveyed parcel 1 to Charlie V. McCann, who in turn conveyed parcel 1 to the respondents.

J. E. Cotton conveyed parcel 2 to J. S. Phillips, who in turn conveyed parcel 2 to the respondents.

All of the conveyances were by warranty deeds which were duly recorded.

Thus the claim of title to parcels 1 and 2 were united in the respondents after having been divided by the conveyances of Jace Cotton in 1937.

It was stipulated that the testimony of several witnesses would show that all of the vendees of parcels 1 and 2, and the respondents after having acquired both parcels, were in "actual, open, nortorious, continuous, peaceable, hostile, and adverse possession" of the lands during their tenures, that the lands were constantly under their supervision, and used by the respective vendees in the usual course of farming operations. It was further stipulated that all of the respective vendees listed the lands for taxation, and paid the taxes due thereon during their respective tenures from 1927 (Jace Cotton) until date; and that all of the witnesses and the respondents have lived near the land and have been acquainted with it since 1922.

It was further stipulated that the appellant after her mother's death lived on the land until she was thirteen years old. This is apparently about the time Jace Cotton

sold the land in 1937. The appellant would further testify that her father, Jace Cotton, died in 1963, and one week after his death, she employed an attorney to check the title to the land, it having been her understanding that she had no right to possession or ownership of the land during her father's lifetime.

The court found that under the law applicable at the time of Judson Cotton's death (the mother of the appellant) that she owned an undivided one-half interest, that the land constituted the homestead of Judson Cotton, and that her one-half interest in the land passed to her minor children without the necessity that it be set apart to them, and at most the children had twenty years in which to have the homestead set apart to them.

The court further found that the disabilities of the minor children terminated as they came of age, and that each, under the provisions of Section 36, Title 7, Code of Alabama 1940, had three years to bring an action after reaching their majority, and that such action must have been brought within twenty years from the time the right of action accrued; that the complainant being 42 years of age at the time she brought her action, her right had already been terminated.

The court further found that the respondents and their predecessors in title had claimed the subject land for more than twenty years, and under conveyances seasonably recorded, had assessed and paid taxes thereon continuously during their tenure.

The argument of counsel for appellant is posited on the contention that the court below erred in finding from the evidence that the land in question was the homestead of Judson Cotton at the time of her death in 1922.

If the land was the homestead of Judson Cotton at the time of her death in 1922, then the provisions of our Code of 1907, and the decisional law in connection therewith must be looked to in determining the rights of the parties.

The stipulation before the court shows that upon purchasing the land in question from Boy Thrower, the deed being to J. Cotton and wife, Jace Cotton built a house thereon, and he and his wife moved thereto. The appellant and her sisters were born there, and appellant lived there until she was thirteen years old. Presumably she left when Jace Cotton sold the land in 1937.

These facts we think afforded a sufficient basis from which the court could reasonably infer that the land in question was the homestead of Judson Cotton.

Section 4204 of the Code of Alabama 1907 provides:

> "When any woman, a resident of this state, dies, leaving surviving her a minor child or children, there shall be exempt from administration and the payment of debts, in favor of such minor child or children, such property of her estate, real and personal, as is exempt by law to the widow and minor child or children, or either, from the estate of a deceased husband or father, and such exempt property shall be set apart and appraised, and held by such minor child or children, in all respects as provided in this chapter with respect to exemptions from the estate of a deceased father, so far as such provisions are applicable."

In Quinn v. Campbell, 126 Ala. 280, 28 So. 676, construing a section of the 1896 Code in all respects similar to Section 4204 of our 1907 Code, it was held that where the wife owns the homestead and personal property less in value or area than is exempt and dies, leaving minor children and a husband, it being all the property she does own, the homestead vests absolutely in the minor children without any administration or setting apart of the homestead.

This doctrine was approved in Little v. Simmons, 222 Ala. 206, 131 So. 561, specifically as to Section 4204 of the 1907 Code. The court further held that the provisions of Section 4198 of the Code of 1907, in reference to the requirement of a judicial

determination of the homestead before title would vest in the widow or minor children, as against the other heirs of the decedent, as distinguished from creditors of the decedent, had no application to the husband of the decedent.

Upon the death of Judson Cotton in 1922, her one-half interest in the homestead vested in her minor children, and Jace Cotton acquired interest therein. Her minor children held their interests in the land as co-tenants and not as remaindermen.

Section 36, Title 7, Chapter 2, Code of Alabama 1940 provides that if any one entitled to bring any of the causes of action enumerated in Chapter 2, be under twenty-one years of age at the time such right accrues, he shall have three years, or the period allowed by law for the bringing of such action if it be less than three years, after the termination of his disability of non-age, to bring suit; but no disability shall extend the period of limitations so as to allow such action after the lapse of twenty years from the time such cause of action accrued.

This additional three years allowed minors to sue upon reaching majority is not necessarily an addition of time to the ten years allowed by statute to bring suit for the recovery of land. It enlarges the ten years only to the extent that it may be necessary to secure to the suitor three years after he has attained his majority. The statute is conformed to, if ten years have elapsed, and for three years, either as part of the ten years, or as an addition in whole or in part there has been no disability to sue. Black v. Pratt Coal and Coke Co., 85 Ala. 504, 5 So. 89.

The appellant was born in 1922. She therefore became of age in 1943. (No day or month is used in the stipulation as to appellant's age, only the year.) Her cause of action had accrued in 1937 when Jace Cotton deeded the entire title. She had ten years thereafter within which to be confronted with our adverse possession statutes and rules. Section 36, supra, would be of no aid to the appellant since she already had four years after reaching her majority in which to bring her suit before the ten year limitation ripened.

The appellant did not bring suit until 1963, some 26 years after her right of action accrued, and some 20 years after she had reached her majority. The respondents and their predecessors in title entered the land under color of title, they annually listed the lands for taxation, and they derived title by devise from a predecessor in title in possession of the land. Clearly they had gained title by adverse possession. Section 828, Title 7, Code of Alabama 1940.

Further, the respondents, or their predecessors in title, having been in possession of the land and exercising absolute dominion over it adverse to all the world, for more than 20 years, our rule of prescription would vest title in the respondents.

The latter part of Section 36, supra, to the effect that no disability shall extend the period of limitations so as to allow an action after twenty years is but a statutory affirmation of our doctrine of prescription. Woodstock Iron Co. v. Roberts, 87 Ala. 436, 6 So. 349. So sweeping is the principle of prescription that the presumption raised by it is not affected by proof of any disability such as non-age or coverture. Garrett v. Garrett, 69 Ala. 429; Schwab v. Nonidez, 276 Ala. 308, 161 So. 2d 592.

Nor can the acquisition of the interests of her sisters by quit claim deeds in 1960 and 1963 avail the appellant. The grantors were older than the appellant. Their title to any interest they may have had in the homestead of their mother had been lost prior to the execution of their quit claim deeds under the principles enumerated above.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.