REGAN, Judge.
The plaintiff, Joseph A. Barreca, filed this suit against defendants, Henry J. Engler, Chairman of the Orleans Parish Democratic Executive Committee, Wade 0. Martin, Jr., Louisiana Secretary of State, and Jack P. Gremillion, Louisiana Attorney General, endeavoring to restrain and enjoin .the promulgation by the Orleans Parish Democratic Executive Committee of the results of the Democratic Primary Election which occurred on November 4, 1967, for the office of State Representative from the Twenty-Eighth District, Wards 12 and 13, and from certifying Clyde F. Bel, Jr., and Henry H. Booker, as the nominees of the Democratic Party for that office. The petitioner predicates his request for a restraining order on the hypothesis that the instructions issued to the Orleans Parish Democratic Executive Committee by the Secretary of State and the Attorney General for determining a majority in a plural election violated Article 8, Section 4, of the Louisiana Constitution of 1921 and the Fourteenth Amendment of the Constitution of the United States. In addition thereto the plaintiff alleges certain irregularities in the makeup and improper operation of the voting machines in Wards 12 and 13 and further insists that the absentee ballots in which the electors voted for only one candidate, namely the petitioner, were not included in the total number of votes cast for him.
The defendants [1] answered the foregoing petition and denied the allegations set forth therein. In addition thereto they pleaded the exceptions of prematurity, no right or cause of action, and misjoinder of parties. They also filed a motion to dissolve the temporary restraining order obtained by the plaintiff.
From a judgment of the lower court denying the petitioner’s request for a preliminary injunction arid dissolving the temporary restraining order previously issued herein, the plaintiff has prosecuted this appeal.
Counsel for the defendants filed a motion in this court to dismiss this appeal wherein they asserted that the entire proceedings have become moot because the case is being argued before us within 30 days of the date set for the second primary, that is December 16, 1967. This argument is predicated upon the provisions of R.S. 18:1072 and the rationale emanating from the case of Love v. Cross.[2] In that case, the court reasoned that the election contest had been rendered moot since it was not completed before the mandatory 30 day deadline provided in the cited statute for The Secretary of State to furnish absentee ballots to the clerk of the district court for each respective parish and to the Civil Sheriff for the Parish of Orleans.
This motion is without merit for the reason that the defendants have overlooked that portion of the statute which was enacted after the rendition of the decision in the Love case. It reads:
“ * * * that if a suit shall be filed challenging the candidacy of any candidate in any election held in any ward, parish, district, or statewide, the Secretary of State shall furnish the absentee *48 ballots as provided for herein for such election in the particular governmental subdivision affected by such suit not less than twenty days before the election.”
If the defendants’ hypotheses were correct, the plaintiff’s suit would become moot 30 days before December 16, 1967, or on November 16, 1967. However, in view of the amendment to the statute quoted above, the plaintiff’s suit would not become moot until 20 days before the date scheduled for the second primary, or November 26, 1967.[3] For this reason, the defendants’ motion is not well taken.
The result of this case is clearly determined by the issue in the exceptions of prematurity and no cause of action filed by the defendant Chairman of the Orleans Parish Democratic Executive Committee. These exceptions were predicated upon R.S. 18:364(H), which reads as follows:
“H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the secretary of state, or by respective committees as provided in this Part.”
Even a cursory reading of this section clearly reveals that an election contest shall not be entertained unless it is brought after the official promulgation of the results thereof by the Executive Committee. As the Executive Committee points out, the plaintiff herein is endeavoring to obstruct the machinery provided for officially determining the results of this election. Consequently, he has no way of knowing what his official position actually is, and he can only presuppose prior to the official .promulgation of the results thereof that he will be eliminated from the election in the first primary.
We are convinced that the foregoing rationale forms the basis for the mandatory nature of the wording of the statute. This statute is clear and unambiguous in its provision that an election contest shall be filed only within two days after the official promulgation of the results thereof. Therefore, the plaintiff’s endeavor to restrain the official promulgation of the results of the election is improper, and must be dismissed.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. The plaintiff by amended petition included the candidates which he asserts will be certified to the Secretary of State as the winners in the said election, namely Edward H. Booker and Clyde P. Bel, Jr.

. La.App., 168 So.2d 614 (1963).

. See art. 5059 of the La.Code of Civil Procedure entitled “Computation of Time.’