BEATTY, Justice.
This appeal proceeded from a decree rendered in a boundary line dispute between coterminous landowners in which, following an ore ten us hearing, the trial court vested title to the land in question in the defendants. We affirm.
Plaintiff acquired title to the adjoining land of defendants by deed dated May 30, 1974. He purchased the land from the administrators of the estate of Fred Roberts, who died in 1973, having been confined in a mental hospital since 1963 as a non compos mentis. The present controversy began in 1975 when plaintiff had his land surveyed by a registered surveyor. The survey depicts plaintiff’s land with the defendants’ land lying east thereof, the east quarter-section line being the boundary between the two properties. However, defendants maintain a fence approximately six to eight feet west of that quarter-section line. The fence was erected around 1952 by Ed Black-wood, a predecessor in title to defendants, and extends 600 to 700 feet parallel to the east quarter-section line of plaintiff’s property. In 1979 plaintiff erected a fence on the quarter-section line which defendants removed. • Thereafter, in 1980, plaintiff brought suit requesting the trial court to establish the true boundary line between the lands as the quarter-section line determined in the survey and to assess damages against defendants for trespass and destruction of plaintiff’s fence. Defendants claimed ownership of the disputed strip of land through adverse possession by prescription. The trial court ordered that the boundary between plaintiff and defendants be fixed and determined at the fence constructed by the predecessor in title to defendants some twenty-eight years prior to the commencement of this suit.
On appeal, plaintiff claims that the trial court erred by allowing defendants to assert the defense of prescription or adverse possession because, according to plaintiff, *744 defendants failed to comply with the required twenty-year possession period for prescription. An examination of the facts, in particular of the dates and title holders involved in this case, is necessary in order to understand plaintiff’s claim.
Fred Roberts, predecessor in title to plaintiff, was under the disability of insanity when the prescription period commenced in 1952, i.e., the year the predecessor in title to defendants constructed the fence in question. Code of 1975, § 6-2-8, extends the statute of limitations for defending or acquiring title to real property for a period of three years after a disability, e.g., minority, insanity, imprisonment, is removed. Thus, plaintiff contends that he had three years after the death of Mr. Roberts within which to assert his claim to the disputed property, thereby extending the twenty-year limitation period necessary for prescription. We respectfully disagree for the following reasons.
The latter part of § 6-2-8 provides that “no disability shall extend the period of limitations so as to allow such action to be commenced, entry made or defense made after the lapse of 20 years from the time the claim or right accrued.” That provision is a statutory affirmation of our doctrine of prescription. Scroggins v. Reneau, 277 Ala. 243, 168 So.2d 614 (1964). Here, the defendants, or their predecessors in title, having been in possession of the land in question and exercising absolute dominion over it adverse to all the world for more than twenty years, would have title to the property under our rule of prescription. Title had already vested in defendants by the time of Roberts’s death in 1973. Even if Roberts had died before the “lapse of 20 years,” his administrator, not plaintiff, would have been the only one eligible to suspend the statute of limitations under § 6-2-8 in order to assert a claim. That section operates only in favor of the person to whom the claim first accrued [the incompetent], and not of those who succeeded to his rights. Yerger v. Cox, 281 Ala. 1, 198 So.2d 282 (1967). Thus, plaintiff’s reliance upon § 6-2-8 is not well taken. The trial court did not err in finding actual, hostile, exclusive possession of the disputed tract by defendants for over twenty years. Such possession was established by the evidence. The trial court’s decree must be affirmed. It is so ordered.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.