Jimmie L. Bradley and Emma Grant appeal from a declaratory judgment in favor of Nicholas Demos holding that Mr. Demos holds exclusive title to 23 acres of land in Dale County, Alabama. We affirm.
In 1928, Lou York, the mother of Ila Williams and Sarah Snell,[1] died intestate. She had been the owner of the 23 acres of land, along with her first husband, Jesse Duncan.[2] Pursuant to the intestacy laws, title to York's property passed to her heirs or their descendants as tenants in common. See § 43-8-42, Code of Alabama 1975, and predecessor statutes. In 1931, the property was sold for delinquent taxes to Gus McKinney. The tax assessor's office showed no record of who the taxes were assessed to between 1931 and 1936; however, *Page 1149 
in 1936, the State of Alabama became the owner of the land, again presumably for failure to pay delinquent taxes. In 1943, the property was "redeemed" by Ila Williams, and taxes thereafter were assessed in her name.[3] In 1973, the property was again sold for delinquent taxes to Peter S. Shockley, but it was redeemed again by Williams in 1976. Shortly thereafter, in 1976, Williams sold the property to Mr. Demos, who immediately began clearing the property and exercising control thereon. Mr. Demos has paid all taxes on the property from the date of his purchase until the present. Ms. Williams died in 1987, and Bradley and Grant, the children of Sarah Snell, filed this suit in that year, contending that they are cotenants with Mr. Demos. They contend that any redemptions made by Ms. Williams were made for the benefit of all tenants in common and that any sale by Williams to Demos could involve only her interest in the property. Furthermore, they argued at the ore tenus hearing that their mother, Sarah Snell, had made contributions to the redemption of the property and to payment of the taxes thereon from 1943 until her death in 1967. At the hearing, however, they offered no receipts in support of their claim. In addition, they offered no evidence regarding any contributions after 1967.
First, Bradley and Grant contend that the trial court erred in failing to enter a summary judgment in their favor on the basis of Demos's failure to answer their requests for admission pursuant to Rule 36(a), Alabama Rules of Civil Procedure, within the allotted 30 days.
 "We have recently held that the trial court may, in its discretion, allow late responses to requests for admission. Our review is limited to abuses of discretion. Evans v. Insurance Co. of North America, 349 So.2d 1099 (Ala. 1977)."
Wright v. Alabama Power Co., 355 So.2d 322, 326 (Ala. 1978). See also Green Tree Acceptance, Inc. v. Doan, 529 So.2d 201,204-05 (Ala. 1988). In this case, we conclude that there was no abuse of discretion on the part of the trial judge in allowing Demos's tardy response to the request for admissions.
The appellants further contend that Demos is a cotenant in common with them because, they argue, Ila Williams could have sold only her interest in the property (as cotenant with Sarah Snell or her heirs) to him. This argument must fail. Demos purchased the entire tract of land as a bona fide purchaser for value without notice of any claims made on the property. He thereafter entered into exclusive possession of the property for 10 years and Demos paid the taxes on this property for over 10 years.
 "There are two types of adverse possession recognized in Alabama: statutory adverse possession and adverse possession by prescription. Bergen v. Dixon, 527 So.2d 1274, 1277 (Ala. 1988). The elements necessary for each were set forth by this Court in Tidwell v. Strickler, 457 So.2d 365, 368 (Ala. 1984):
 " 'Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise. Code 1975 § 6-5-200, provides in pertinent part as follows:
 " '(a) Adverse possession cannot confer or defeat title to land unless:
 " '(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action. *Page 1150 
 " '(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
 " '(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land . . .' "
Doss v. Duggan, 555 So.2d 116, 117 (Ala. 1989).
Demos cleared the property and built a fence around it after his purchase from Ila Williams, and he clearly maintained exclusive continuous possession thereof in excess of 10 years. Furthermore, there is no dispute that Demos acquired the property from Williams in 1976, and the deed he received purported to transfer the entire piece of property. In addition, he listed the property with the tax assessor's office in 1976, and this action was not commenced until October 1987, over 10 years later. The trial court found that Demos had met all of the requirements for obtaining title to the property via adverse possession, and we do not consider his conclusion to be "plainly and palpably wrong." See Clark v. Albertville NursingHome, Inc., 545 So.2d 9, 12-12 (Ala. 1989).
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
[1] Lou York had other sons and daughters; however, because neither they nor their children are parties to this appeal, they will not be referred to in the recitation of the facts.
[2] Jesse Duncan's whereabouts are unknown, and it is not known whether he left heirs in the event of his death. He will not be discussed in the recitation of the facts.
[3] No argument is made that the recovery of the property by Ila Williams did not constitute a "redemption" and, therefore, any argument with regard to that issue is not addressed in this opinion.