This case involves an action to quiet title to real property filed by Angela Bohanon, *Page 310 
James Chapman, and Debra Poole (hereinafter referred to collectively as "the children") against Bobby Edwards. The children appeal from a judgment of the Tallapoosa Circuit Court in favor of Edwards.
William Robinson ("the father") died intestate on May 2, 1979; he was survived by three minor children, Angela, James, and Debra, who were 18, 10, and 5 years of age, respectively.[1] The father was not survived by a spouse or by any siblings. Following the father's death, his parents, Archie Robinson ("the grandfather") and Annie Robinson ("the grandmother"), took possession of a parcel of property the father had acquired by deed in 1973.[2] When the grandfather died in 1980, his will devised all of his real property to the grandmother. In 1997, the grandmother died; her will devised all of her real property to Bobby Edwards, her nephew.
On November 24, 1999, Angela Bohanon filed an action in the Tallapoosa Circuit Court to quiet title to the parcel of property that the father had owned. Thereafter, the complaint was amended to add Debra Poole and James Chapman as plaintiffs. On March 21, 2000, Edwards moved for a summary judgment, claiming that he owned legal title to the land by virtue of the grandmother's will. On October 15, 2001, Edwards filed a supplemental motion for a summary judgment, contending that the children's claims should be "dismissed" because they were barred by the 10-year and 20-year limitations periods referenced in Ala. Code 1975, § 6-2-33(2), and Ala. Code 1975, § 6-2-8(a), respectively. Following the filing of this supplemental motion for a summary judgment, the children filed a "trial brief" in which they argued that Edwards could not prove the factual elements requisite to either a showing of statutory adverse possession for the 10-year period prescribed in Ala. Code 1975, § 6-5-200, or a showing of adverse possession for the 20-year period of prescription.
Although the trial court did not rule on either of Edwards's motions for a summary judgment, following an ore tenus hearing held on October 1, 2001, the trial court, on January 11, 2002, entered an order dismissing the children's complaint on the same grounds asserted by Edwards in his supplemental motion:
 "The Court agrees with [Edwards] that the statute of limitations has expired on all of the [children's] claims set out in their Complaint, therefore, the Court finds no reason to discuss the issue of adverse possession raised by [Edwards]. Alabama Code 1975, § 6-2-33(2) states that '[a]ctions for the recovery of lands . . . or the possession thereof . . .' must be commenced within 10 years. . . .
". . . .
 "Alabama Code 1975, § 6-2-8(a) also applies to this cause of action which further states that '[n]o disability shall extend the period of limitations so as to allow an action to be commenced . . . after the lapse of 20 years from the time the claim or right accrued.' In applying this statute of limitations, the [children's] claims as set out in this Complaint *Page 311 
must have been commenced on or before May 3, 1999. This action to quiet title was filed by the [children] on or about November 24, 1999, in the Circuit Court of Tallapoosa County, Alabama at Alexander City after the statute of limitations on May 3, 1999, and therefore [is] barred under the Alabama Code 1975, § 6-2-8(a) and § 6-2-33(2).
 "It is therefore ORDERED, ADJUDGED AND DECREED that the [children's] Complaint to quiet title fails and therefore the [children's] Complaint is hereby dismissed."
(Emphasis added.)
Thus, as Edwards himself states in his brief to this court, "[t]he trial court never addressed the issue of adverse possession and instead ruled for [Edwards] based on [the] statute [of] limitations."[3]
The children appeal. They argue that it was error for the trial court to enter the judgment in favor of Edwards based merely on either the 10-year or the 20-year limitations period referenced above without determining whether Edwards had satisfied all of the factual elements necessary under Alabama law to acquire title to real property by adverse possession.
Alabama recognizes two types of adverse possession: (1) adverse possession by prescription and (2) statutory adverse possession pursuant to § 6-5-200, Ala. Code 1975. Sparks v. Byrd, 562 So.2d 211 (Ala. 1990). Specifically,
 "'Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808
(1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor,[4] he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962).'"
Sparks, 562 So.2d at 214 (quoting Kerlin v. Tensaw Land TimberCo., 390 So.2d 616, 618 (Ala. 1980)) (emphasis omitted). Those required elements to claim title by prescriptive adverse possession, or by statutory adverse possession, are well established and consistently have been reiterated by this court and our Supreme Court in a long line of cases that continues to the present day. See, e.g., Bradley v. Demos,599 So.2d 1148 (Ala. 1992); Sparks v. Byrd, 562 So.2d 211; Calhoun v.Smith, 387 So.2d 821 (Ala. 1980); Lay v. Phillips, 276 Ala. 273,161 So.2d 477 (1964); and *Page 312 Henderson v. Dunn, [Ms. 2991235, November 16, 2001] 871 So.2d 807
(Ala.Civ.App. 2001).
The 10-year statute of limitations relied upon by Edwards and by the trial court states, in pertinent part:
"The following actions must be commenced within 10 years:
". . . .
 "(2) Actions for the recovery of lands, tenements or hereditaments, or the possession thereof, except as otherwise provided in this article."
Ala. Code 1975, § 6-2-33 (emphasis added).
As for the 20-year limitations period also relied upon by the trial court, § 6-2-8(a) provides, in pertinent part:
 "(a) If anyone entitled to commence any of the actions enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action, make entry, or defend. No disability shall extend the period of limitations so as to allow an action to be commenced, entry made, or defense made after the lapse of 20 years from the time the claim or right accrued."
The children contend that the trial court erred in dismissing their complaint based merely on the limitations periods prescribed in §6-2-33 and § 6-2-8, without any finding as to the factual elements requisite to establishing a claim of adverse possession. There clearly is force of logic behind the children's position. If the 20-year prescriptive period referenced in § 6-2-8 is to be applied in the manner in which it was applied by the trial court in this case — without any finding as to whether the qualitative elements of possession necessary to constitute "adverse possession" (i.e., actual, exclusive, open, notorious, hostile, and continuous possession) have been proven — this effectively will excise those elements from our well-established caselaw regarding adverse possession by prescription. Likewise, to apply § 6-2-33(2) as did the trial court — without any finding that the qualitative elements of adverse possession had been proven — would effectively excise those elements from our well-established caselaw regarding statutory adverse possession under § 6-5-200. Further, application of the 10-year limitations period prescribed in § 6-2-33(2) in the manner in which it was applied by the trial court would obviate the need to demonstrate one of the three elements prescribed by § 6-5-200 as a prerequisite for acquiring title by adverse possession in 10 years, rather than in 20 years.
We reverse the trial court's judgment. In doing so, however, it is not necessary for us to rely solely upon the force of logic of the children's position.
In Washington v. Norwood, 128 Ala. 383, 30 So. 404 (1901), the Supreme Court considered a creditor's action to set aside a fraudulent conveyance of land. The grantee asserted both the statute of limitations and adversepossession as defenses. In explaining that both defenses failed for the same reason, the Supreme Court explained as follows:
 "In dealing with this question, it needs only to be ascertained what is adverse possession, its nature and incidents, and to avoid a confusion of it with the statute of limitations. Adverse possession may be said to be a collective fact made up of other facts which are essential, constituent elements to the creation of the collective fact. Among these constituent elements are an actual possession of the res, and an open and notorious assertion *Page 313 
of claim of ownership hostile to the true owner. After its creation, it is the continuation of this collective fact without interruption for the period fixed by the statute of limitations as a bar to the commencement of a suit that renders it effective as a defense. It is the thing that puts the statute in motion as contradistinguished from the statute itself and its continuity for a definite period that completes the bar of the statute. Even after the statute has been put in motion a break or interruption in the adverse possession stops the running of the statute."
128 Ala. at 390, 30 So. at 406.
Suggesting that the predecessors of § 6-2-33(2) and § 6-5-200
were to be read in pari materia with one another, the Supreme Court stated in Cotney v. Eason, 269 Ala. 354, 357, 113 So.2d 512, 515 (1959):
 "'The ten-year statute of limitations as to real actions and the statute of adverse possession are to the same end and purpose,' Drummond v. Drummond, 232 Ala. 401, 168 So. 428, 430 [(1936)]; or to express it another way — adverse possession is based upon the running of the statute of limitation of ten years."
Moreover, in Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964), our Supreme Court offered the following explanation of the requirements for establishing adverse possession and satisfying the applicable statutes of limitations in a case involving a boundary-line dispute:
 "The burden upon [the plaintiff], if he is to extend his documentary title, is to show by the required measure of proof that he has been in the actual, clear, notorious, continuous, adverse and exclusive occupancy of the questioned strip for the ten years required by [Title 7, § 828, Ala. Code 1940, the predecessor to § 6-5-200,] or for twenty years if he seeks to establish absolute repose of title in him by prescription.
". . . .
 "Our adverse possession statute of ten years (Sec. 828, supra) is a statute of limitations, Cotney v. Eason, 269 Ala. 354, 113 So.2d 512 [(1959)], whereas our rule of prescription of twenty years is a rule of absolute repose. . . .
 "Thus the absolute presumption arising from a right claimed and exercised for twenty years is not subject to being tolled, whereas our statute of adverse possession, being a statute of limitations is so subject under appropriate circumstances.
 "Under both our adverse possession statute and our rule of prescription, a claimant to succeed, must show his dominion over the real estate, and his adverse holding and claim, to the same degree and extent, that is, under the statute for a period of ten years, and the prescriptive rule for a period of twenty years. Under the statute, unless a coterminous owner, in addition to adverse possession for the required period of ten years, the claimant must also show one of the three alternative conditions precedent, i.e., color of title, or payment of taxes for ten years, or title by descent cast or devise, etc. Neither of these alternative conditions are required to exercise a claim of right by prescription. Ford v. Bradford, 218 Ala. 62, 117 So. 429 [(1928)]."
276 Ala. at 276-77, 161 So.2d at 480-81.
In Craig v. Craig, 372 So.2d 16 (Ala. 1979), our Supreme Court once again explained that the 10-year statute of limitations in § 6-2-33(2) does not run without the factual elements of adverse possession being in existence: *Page 314 
 "The appellants' initial contention is that the trial court erred by ruling against them on their defense of the ten-year statute of limitations, Code 1975, § 6-2-33(2). This section, dealing with actions for the recovery of lands, applies to actions seeking to set aside a deed as a fraudulent conveyance. Hall v. Hulsey, 271 Ala. 576, 126 So.2d 217 (1961); Drummond v. Drummond, 232 Ala. 401, 168 So. 428 (1936).
 ". . . However, the statutory period does not start to run until adverse possession begins. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779 (1949); Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 16 So.2d 689
(1943).
 "The complaint in this case is silent as to possession. It does not show on its face whether or not Marcus was in adverse possession so as to start the running of the ten-year statute. Ellis v. Stickney, supra. Therefore, the motion to dismiss was properly denied.
 "Moreover, the evidence adduced at trial was not sufficient to establish adverse possession for ten years. There was testimony that Marcus Craig paid taxes on the land, collected rents, and made no accounting of the profits. However, there is nothing to show that his possession was adverse to the rights of his brothers and sisters. There was no open disavowal of his position as executor brought home to the other heirs with unquestionable certainty, thus putting them on notice that he held the land for himself and not for the estate. See Holt v. Wilson, 75 Ala. 58 (1883); McCarthy v. McCarthy, 74 Ala. 546
(1883)."
372 So.2d at 18-19. See also Barrentine v. Parker, 236 Ala. 188,181 So. 263 (1938).
Nor does the 20-year limitations period expressed in § 6-2-8 set up any bar to actions for the recovery of land distinct from the well-established elements of adverse possession by prescription. As our Supreme Court explained in Scroggins v. Reneau, 277 Ala. 243, 246168 So.2d 614, 617 (1964):
 "[T]he respondents, or their predecessors in title, having been in possession of the land and exercising absolute dominion over it adverse to all the world, for more than 20 years, our rule of prescription would vest title in the respondents.
 "The latter part of [Title 7, § 36, Ala. Code 1940, the predecessor to § 6-2-8], to the effect that no disability shall extend the period of limitations so as to allow an action after twenty years is but a statutory affirmation of our doctrine of prescription. Woodstock Iron Co. v. Roberts, 87 Ala. 436, 6 So. 349 [(1888)]. So sweeping is the principle of prescription that the presumption raised by it is not affected by proof of any disability such as non-age or coverture. Garrett v. Garrett, 69 Ala. 429
[(1881)]; Schwab v. Nonidez, 276 Ala. 308, 161 So.2d 592
[(1964)]."
(Emphasis added.) See also Ellis v. Stickney, 253 Ala. 86, 94-95,42 So.2d 779, 786 (1949) (recognizing that the 10-year limitations period prescribed in Title 7, § 20, Ala. Code 1940, the predecessor of §6-2-33(2), Ala. Code 1975, did not come into operation until adverse possession was shown).[5] See also Barrentine v. Parker, *Page 315 236 Ala. 188,190, 181 So. 263, 264-65 (1938) (holding that "although a mortgagor remains in the actual, open, possession of the mortgaged land without recognition of the debt or the existence of the mortgage as a valid claim, but without a renunciation or disclaimer of the mortgagee's right . . . for a period of twenty years from its maturity, . . . he cannot defeat foreclosure proceedings begun within such twenty-year period").
In light of the foregoing, we agree with the children's argument that the trial court erred in dismissing the children's complaint based merely upon the bare application of the 10-year and 20-year limitations periods prescribed in § 6-2-33 and § 6-2-8. We therefore reverse the trial court's judgment. On remand, the trial court should make findings as to whether the nature and quality of possession required for a showing of adverse possession — i.e., actual, exclusive, open, notorious, hostile, and continuous possession — were proven for the requisite period. In the event the trial court finds on remand that Edwards did, in fact, adversely possess the property for at least 10 years, but less than the prescriptive period of 20 years, the provisions of § 6-5-200(a) would then become relevant.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur in the result.
[1] Whether the three plaintiffs were, in fact, the father's children was initially disputed. Evidence subsequently established that Bohanon, Chapman, and Poole were the father's children.
[2] Edwards claims that because the father was not survived by any known children (see note 1), a spouse, or siblings, the property passed to the grandfather and the grandmother equally under § 43-8-42, Ala. Code 1975 (providing that intestate succession mandates that in the event there is no surviving spouse or issue at the time of the decedent's death, the property passes to the decedent's parent or parent's equally).
[3] Edwards also states in his brief that the issue of adverse possession was not at issue "based on the ruling of the trial court in the order of January 11, 2002, dismissing the [children's] Complaint to quiet title. The court did not rule on this issue because of the invalid Complaint. Therefore, [Edwards] was not required to prove adverse possession." (Emphasis added.)
[4] More specifically, § 6-5-200(a), Ala. Code 1975, provides:
 "(a) Adverse possession cannot confer or defeat title to land unless:
 "(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
 "(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
 "(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land."
[5] Presumably because of the principle recognized in Scroggins v.Reneau, 277 Ala. 243, 168 So.2d 614 (1964), and Ellis v. Stickney,253 Ala. 86, 42 So.2d 779 (1949), no statute-of-limitations argument appears to have been made by the defendant in Jones v. Jones, 423 So.2d 158
(Ala. 1982), despite the fact that the defendant had been in actual possession of the disputed property for over 20 years. The Supreme Court held that the defendant's attempt to assert a claim of adverse possession by prescription failed because the defendant's possession did not become adverse to the plaintiff until a date less than 20 years from the plaintiff's filing of a complaint against the defendant seeking to establish his rights in the disputed property. 423 So.2d at 160-61 (also holding that the defendant could not take advantage of the 10-year period for possession under § 6-5-200 because, although there was evidence that the defendant had paid taxes on the disputed property for 24 years, the court could not infer that "paying" taxes was the same as "listing" the land for taxation, as required by § 6-5-200(a)(2)).